Tift *vs.* Towns.

NELSON TIFT, plaintiff in error, *vs.* JOSEPHINE TOWNS, defendant in error.

1. Where the owner of a bridge franchise contracts with a railroad company that the latter shall construct a bridge and keep it in repair, and that the former shall be entitled to all tolls except on the freights and passengers of the company, which should be passed free, in case of damages to a wagon and team by falling through, the action therefor should be brought against the owner of the franchise.
2. The owner of a bridge franchise is bound to exercise only such care and diligence in the construction of his bridge and the keeping the same in proper order, which every prudent man would exert in relation to the same property, in view of the object and purpose for which the same was erected and used by him.

Roads and bridges. Diligence. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

For the facts of this case, see the decision.

D. H. POPE; POE, HALL & LOFTON, for plaintiff in error.

D. P. HILL, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendent, as the proprietor of a toll-bridge across Flint river, in the county of Dougherty, to recover damages sustained in consequence of the plaintiff's wagon and team falling through said bridge in crossing the same. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for $860 17. A motion was made for a new trial on the several grounds set forth therein, which was overruled by the court, and the defendant excepted. The two grounds of error which were mainly relied on in the argument before this court were: first, as to the liability of the defendant to a suit for the recovery of the damages complained of under the facts of the case; and second, for the alleged error in the charge of the court to the jury, and refusing to charge as requested.

1. It appears from the evidence in the record, that the defendant was the owner of the exclusive franchise to erect and keep a toll-bridge at the place where it was located; that he made a contract with the Atlantic and Gulf Railroad Company to build the bridge and keep it in repair, and to pass its freights and passengers over it free of toll, and to be removed when it should become useless by the rebuilding of defendant's lattice bridge, which had been burnt, or on the completion of the railroad bridge of the company. The defendant, in consideration of his franchise, was to receive all the tolls collected from all others, except the railroad company's business; that the defendant employed a bridge-keeper to receive the tolls and take care of the bridge. In our judgment, the action was properly brought against the defendant, who was the proprietor and owner of the bridge franchise, and by reason thereof received the tolls from all persons crossing the bridge, except the railroad company. Being the proprietor of the bridge franchise, and receiving the tolls arising therefrom, he was bound to keep the bridge in proper order for the safe crossing of the persons from whom he was entitled to receive such tolls.

2. The court was requested by the defendant to charge the jury, "that the proprietor of a toll-bridge is bound to use only ordinary care and diligence in the construction of his bridge, and keeping the same in proper order." The court refused this request, and charged the jury, in lieu thereof, as follows: "That the proprietor is bound to use due care and exercise proper diligence, and the use of skill and foresight, to pass the public safely, and negligence alone would be a breach of duty. Due care means a *high* degree of care, and casts on bridge owners the duty of exercising *all* diligence to see that whatever is required for the safe passage of the public, (such as that the bridge is in fit and proper order, and free from defects in the superstructure,) but this duty will not make bridge proprietors liable for injuries arising from latent defects in its structure, which no human skill or care could either have prevented or detected." By the 690th section of the Code,

Tift *vs.* Towns.

the proprietor of any bridge is bound to exercise prompt and faithful attention to all his duties, as such, and if any damage shall occur by reason of non-attendance, neglect, carelessness or bad conduct, he is bound for all damages—that is to say, he is bound to exercise prompt and faithful attention in the discharge of all his duties required of him by law as such bridge proprietor, and he is also bound to exercise ordinary care and diligence in the construction of his bridge, and keeping the same in proper order for the safe passage of the traveling public over it. Ordinary diligence, as defined by the law of this state, is that care which every prudent man takes of his own property of a similar nature. The absence of such diligence is termed ordinary neglect. Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect. Gross neglect is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property : Code, sections 2061, 2062, 2063. The defendant was bound to exercise only such care and diligence in the construction of his bridge and keeping the same in proper order, which every prudent man would take and exercise in relation to the same property, in view of the object and purpose for which the same was erected and used by him. Did the defendant exercise such care and diligence? If he did, then he was not liable under the law. If he did not exercise such care and diligence, then the law makes him liable for his negligence. The charge of the court, that the defendant was bound to exercise a *high* degree of care and *all* diligence to see that the bridge was in fit and proper order, and free from defects in the superstructure, and charging, in connection therewith, "but this duty will not make bridge proprietors liable for injuries arising from latent defects in its structure which no human skill or care could either have prevented or detected," was manifest error. The latter part of this charge was calculated to impress on the minds of the jury that the defendant was liable for *all other defects* in the

structure of the bridge, except those which no human skill or care could have prevented or detected. Such is not the law as applicable to the liability of 'the proprietors of public bridges in this state, as we understand it. In our judgment, the court erred in not charging the jury as requested, " that the proprietor of a toll-bridge is bound to use only ordinary care and diligence in the construction of his bridge, and keeping the same in proper order," and in the charge as given, of which complaint is made, as set forth in the record, in relation to the defendant's liability as the proprietor of a toll-bridge. It was insisted on the argument, that notwithstanding the error in the charge of the court, the evidence in the record is such as to have required the jury to have found the verdict they did. We do not think so. If the court had charged the jury correctly as to the law, and they had found a verdict either way under the evidence, we should not have disturbed it.

Let the judgment of the court below be reversed.