GUERNSEY, BARTRAM & HENDRIX, plaintiffs in error, *vs.* WILLIAM F. SHELLMAN, defendant in error.

Upon the trial of an action for damages for breach of contract in the building of a house, it was error for the court to charge that the plaintiff might recover reasonable counsel fees, that is a matter for the consideration of the jury, without adding the qualification, "if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

Damages. Charge of Court. Before Judge HILL. Bibb Superior Court. April Term, 1877.

Reported in the decision.

R. W. JEMISON ; T. J. SIMMONS, for plaintiffs in error.

LYON & NISBET, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants to recover damages alleged to have been sustained in consequence of an alleged breach of contract in the building of a dwelling-house for the plaintiff in the city of Macon.

On the trial of the case, the jury found a verdict for the plaintiff for the sum of $250.00.    The defendants made a motion for a new trial on the several grounds therein stated, which was overruled and the defendants excepted.

There was evidence on both sides as to the falling of the plastering, and as to the manner in which the work was done, which was conflicting.    The court charged the jury, amongst other things, as to the measure of damages, as follows :    " And I charge you that in addition to that, he may recover reasonable counsel fees in the case.    That is a matter for your consideration.    You may take all these matters into consideration in making up the amount of damages."

By the 2942d section of the Code, it is declared that the expenses of litigation are not generally allowed as a part of the damages ; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them. In view of the provisions of this section of the Code, the charge of the court was error, inasmuch as it failed to call the attention of the jury to the latter part thereof, (to-wit) : " If the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."    We think it is pretty clear, from the evidence in the record and the amount of the verdict, that the jury included counsel fees, the lowest proven value of which was $75.00.    The judgment must therefore be reversed and a new trial had, unless the plaintiff shall voluntarily write off from the verdict the sum of seventy-five dollars ; but in the event the plaintiff shall consent to do so, then the judgment of the court below to stand affirmed.

Judgment reversed on terms.