### Tift *vs.* Towns, executrix.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where the representative character of the plaintiff is inserted in the declaration by amendment under section 3487 of the Code, the statute of limitations bears upon the action no more after the amendment than it did before.
2. Under the facts in evidence, the value for hire of all the animals as a team was not relevant.   One was but slightly injured, another was damaged to its full value, and the other two were damaged unequally.   The wagon was used for plantation purposes, not for hiring out, and the owner had other animals from which to make up a team and do the customary hauling.
3. Where not only the liability of the defendant, but the correct measure of damages, is fairly open to controversy, and where the plaintiff has insisted upon too high a standard as to both, and thus forced the defendant to resort to a reviewing court, the case is not one for the allowance of counsel fees as a part of the recovery.
4. If it involves no delay or undue consumption of time, one or more of the jurors may, during the argument of counsel, make notes of what is said or what is claimed; and that this is done at the request of counsel, and whilst he reads from a calculation which he has prepared, will make no difference.   The counsel of each party is equally free to make such a request, and the members of the jury are all free to decline.
5. On the return of a verdict, the court may direct the jury to strike from it anything that is mere surplusage.

Statute of limitations. Damages. Counsel fees. Jury. Practice in the Superior Court. Verdict. Before Judge CRISP. Dougherty Superior Court. April Term, 1879.

Josephine Towns brought case against Nelson Tift for damages alleged to have been sustained by reason of a wagon, team, etc., being precipitated into the Flint river whilst crossing a toll-bridge, the property of the defendant, a portion of the same having fallen down through the negligence of defendant in failing to keep it in proper repair. The damage was alleged to have been done in December, 1870, and the suit was filed on May 16, 1871. The defendant pleaded the general issue, and that plaintiff was not damaged by any act of carelessness of defendant.

After evidence was introduced which defendant claimed showed that the property alleged to have been damaged did not belong to the plaintiff but to the estate of J. R. Towns, deceased, the declaration was amended by adding after the plaintiff's name, " as executrix of the last will and testament of John R. Towns, deceased." This amendment was made on April 15, 1879. The defendant then pleaded the statute of limitations. The jury returned the following verdict:

" We, the jury, find for the plaintiff $942.39 for damages and cost of court and counsel fees." The court ordered all of the verdict after the amount found stricken out, and this without the consent of the jury. The defendant moved for a new trial upon the following grounds:

1. Because the damages found are excessive, and especially so in that plaintiff's counsel fees were included, there being no evidence that she was entitled to the same because defendant had acted in bad faith, or had been stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense.

2. Because the court erred in allowing plaintiff to amend her declaration by changing it into a suit in her representative capacity.

3. Because the court erred in refusing to charge the jury

in the words and language requested by defendant's counsel in writing : " That if the testimony shows that the property alleged to have been injured is not the property of the plaintiff, Josephine Towns, but is a part of the estate of J. R. Towns, deceased, bequeathed for the payment of his said J. R. Towns' debts, and after the payment of his debts, then the residue to said Josephine Towns, and her daughter Jenny Liew; that said estate was in the course of administration at the commencement of plaintiff's suit, and that the debts of said estate had not been paid, or are still unpaid; that no division of the estate has been had between the legatees under said will, and no assent given to the legacies therein contained, then the plaintiff is not entitled to recover in this suit, and their verdict should be in favor of the defendant."

4. Because the court erred in charging the jury that the above amendment allowed to plaintiff's declaration, had relation to the filing of plaintiff's original suit, and in refusing to charge in the language of defendant's request :

" That the suit at the instance of plaintiff as executrix of J. R. Towns commenced at the filing of the amendment in her right, as such executrix, to-wit: on this day (15 April, 1879), and if more than four years had elapsed from the wrongs and injuries complained of, to the filing of said amendment, then the defendant was protected under the plea of the statute of limitations, and they should find in his favor."

5. Because the court erred in allowing plaintiff's counsel (defendant's counsel objecting thereto) to furnish one of the jury with paper and pencil, and in allowing him to take down and carry out with the jury items of damage, which he the said counsel alleged to be proven in the case, and which he read to the jury from a paper which he had in his hands.

6. Because the court erred in directing the foreman of the jury to strike from the verdict as returned into court the words, " including counsel fees," and in not having said words recorded as a part of said verdict.

7. Because the court erred in allowing David A. Vason to testify as to the value of counsel fees in the case, and in overruling defendant's objection thereto, that there was no evidence in the case relating to defendant's conduct in the said litigation which would warrant or justify such evidence.

8. Because the court erred in admitting in evidence testimony going to show the hire of the wagon and team, and the cost of a hand to attend to them while they were disabled from work on account of the alleged injuries they had received from falling through bridge, and in overruling defendant's objection thereto, viz: that said items were not proper items of damage.

The motion was overruled, and defendant excepted.

S. HALL; D. H. POPE, for plaintiff in error.

D. P. HILL, for defendant.

BLECKLEY, Justice.

1. The Code, in section 3333, makes the time of filing the declaration the time of commencement of suit. In section 3487, it declares that "in an action by or against an individual the pleadings may be amended by inserting his representative character." Here, the plaintiff below sued apparently as an individual, and pending the action, the declaration was amended so as to show that she sued, in fact, as the executrix of her husband. The right person was in court from the beginning, but she was there in the wrong capacity. Formerly, perhaps, such an error in pleading was not amendable, but when it was made amendable by statute the defect became completely curable, and when cured, it was as though it never had existed. After the amendment as before, the suit is the same suit, and not another; and if the same, the time when the declaration was filed is the time when it was commenced. An amendment which goes to the whole action, and to the only party plaintiff on the record, cannot logically be regarded as the beginning of a

new suit.   The very object of allowing it is to avoid the consequences of defeating the pending action and the institution of another.   One of these consequences might be a bar by the statute of limitations.   The person holding a right and proceeding to assert it, but mistaking the capacity in which it is held and ought to be asserted, might litigate for years, and at last be defeated on a plea of the statute. If the first action, as a whole, is to be saved by amendment at all, why not save it as against the statute of limitations? In the present case, the suit was in time, if the suit tried was identical with that begun when the declaration was filed; but it was too late if the amendment inaugurated a new action.   We think the former is the correct view, and that the statute of limitations has no more application since the amendment than it had before.

2.  Damages are given as compensation for the injury. Code, §§2940, 3065.   When a person keeps a wagon and team for hiring out, to break up the team or disable it, is to cut off the income which would result from such hiring. But in the case before us, the use was alone for plantation purposes, and the plaintiff had other animals from which to make up a team and do the customary hauling.   Moreover, the four horses were damaged unequally; one was but slightly injured, another was damaged to its full value, and the third was injured worse than the fourth.   With this inequality, to keep them grouped as a team, and to charge hire for them as such, is to make a forced computation of the damages which the plaintiff sustained, especially in view of her preparation for supplying their places as a team from other animals on the plantation.   The cost, if anything, of making this change in the constitution of a necessary team for the accustomed hauling, would be an item of the damage; but the value of the injured horses for hire as a team was, under the facts, irrelevant, and therefore inadmissible as evidence.   Indeed, the hire of the horse, which the injury rendered totally valueless and unserviceable, was not recoverable on any basis.   As to him, the investment was

at an end, and there was nothing to do but to pay for him in full, and thus replace the destroyed capital (with interest) to be invested or not in other property at the owner's discretion.    See authorities on the point in *Atlanta & West Point Railroad Co. vs. Hudson*, last term.

3.    No counsel fees ought to have been allowed by way of damages.    The case is one fairly open to controversy in all its branches.    The plaintiff commenced by insisting upon too high a standard both of liability and compensation. The defendant has had to resort to this court for protection in a previous instance, (53 *Ga.*, 47) and again on the present occasion.    No man is bound to forego litigation at the expense of yielding rights apparently well founded, much less those which prove to be so founded in the end.    Where there is a *bona fide* controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.

4.    It was not error to abstain from preventing one of the jurors from taking notes of what the plaintiff's counsel claimed, though the notes were taken at the request of the counsel during his argument, and whilst he read from a calculation which he had prepared.    Of course this practice would be inadmissible if attended with delay or undue consumption of time.    We take it for granted it was not so attended in this instance.    There is no power to compel any juror to comply with such a request, and the counsel of either party is equally free to make it.

5.    What was stricken from the verdict was mere surplusage, and there was no doubt that the court may direct anything of that nature to be expunged.

We have ascertained the amount which the jury found in excess of what the evidence authorized, under the law as we have expounded it, and while we reverse the judgment, we allow the plaintiff the privilege of writing off the excess, and thus avoiding a new trial.

Cited by counsel. Amendment, Code, §§3479, 3487; 41 *Ga.*, 84, 652; 29 *Ib.*, 273; 54 *Ib.*, 59; 45 *Ib.*, 106; 4 *Ib.*, 263. Counsel fees, Code, §2943; 59 *Ga.*, 797; 53 *Ib.*, 47. Damages, hire, etc., Shear. & Red. on Neg., 650 to 660; 8 Allen, 560.

Judgment reversed on terms.

[WARNER, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.]