PFERDMENGES, PREYER & COMPANY *v.* BUTLER, STEVENS & COMPANY.

1. The evidence demanding a verdict for the plaintiff for the principal and interest claimed, a new trial will not be granted on account of errors in the charge.
2. The evidence not authorizing a finding for attorneys' fees, direction will be given that the amount of such finding be written off.

Argued February 25, — Decided March 13, 1903.

Complaint. Before Judge Norwood. City court of Savannah. June 12, 1902.

*William R. Leaken,* for plaintiffs in error.
*Adams, Freeman, Denmark & Adams,* contra.

COBB, J.· This was a suit for the purchase-price of fifty-four bales of cotton alleged to have been sold for cash. The defense was that the sale was not for cash, that the plaintiffs were selling as brokers for Woodward & Company, and that the latter were indebted to defendants in a sum greater than the amount sued for, which was pleaded as a set-off. The trial·resulted in a verdict for plaintiffs for the amount sued for, and $150 attorneys' fees.

1. There was no controversy as to the amount or price of the cotton. The evidence demanded a finding, not only that the plaintiffs were the representatives of the People's National Bank of Cordele, and not of Woodward & Company, but also that the sale was for cash, and that plaintiffs had actually paid the bank for the cotton before they had any notice of the defendants' alleged set-off. Such being the case, the court did not err in refusing to grant a new trial, so far as the finding for the principal and interest was concerned, on account of alleged errors in the charge. Under such circumstances, it was a matter of very little importance what the judge charged.

2. The plaintiffs were not entitled to recover attorneys' fees. The code declares: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Civil Code, § 3796. · There was no evidence that the defendants had acted in bad faith, or that they had been stubbornly litigious. The attorneys' fees were claimed upon the ground that the defend-

ants had caused the plaintiffs unnecessary trouble and expense. The only unnecessary trouble and expense shown by the evidence was the fact that defendants had refused to pay without suit. If this would be sufficient to authorize a finding for attorneys' fees, we see no reason why the plaintiffs in every case should not recover attorneys' fees. The code has never been so construed. Where there is no bad faith, there must be something more than being put to the expense of a suit, to authorize a plaintiff to claim attorneys' fees as part of his damages. Direction is given that the verdict and judgment be amended by striking from each the amount specified as attorneys' fees, and that the defendants in error be taxed with the cost of this writ of error, and the costs of the motion for a new trial.

*Judgment affirmed, with direction. By five Justices.*