## EDWARDS *v.* KELLOGG.

The erroneous refusal to sustain a demurrer to so much of a petition as prays for attorney's fees on the ground that the defendant had been stubbornly litigious and had acted in bad faith will not work a reversal of the judgment where the jury does not find a verdict for attorney's fees; but when evidence is admitted in support of such a prayer, and this evidence is in its tendency prejudicial to the defendant on the main issues involved, a new trial must result.

Argued November 14,—Decided December 9, 1904.

Complaint.    Before Judge Gober.    Fannin superior court. February 1, 1904.

*Griffin & Attaway* and *A. S. J. Hall*, for plaintiff in error.
*N. A. Morris*, *J. Z. Foster*, and *DuPree & Dobbs*, contra.

CANDLER, J.    The petition filed by the plaintiff makes, in effect, the following case:    The plaintiff and W. C. Thomas were partners in a mercantile business in the town of Blue Ridge, and on a day named the defendant purchased from the plaintiff his interest in the partnership at an agreed price of $1,650.    By the terms of the agreement the defendant undertook to assume and pay off the plaintiff's part of the indebtedness of the firm, and was entitled to all of the plaintiff's interest in the partnership assets.    The defendant also contracted to pay $150 of the purchase-price in cash upon the consummation of the trade, and to give three notes for $500 each for the balance, due twelve months after date and bearing interest at 8% per annum from date.    A few days after this agreement was made the defendant paid the plaintiff $175, but has refused to pay the balance, or any part of it, although due, and has failed and refused to give his notes, as promised.    It was also alleged that the defendant had been stubbornly litigious and had acted in bad faith, in that, prior to the filing of suit by the plaintiff, he entered into a written agreement

to submit to arbitration the matters in controversy, and after evidence was heard by the arbitrators he withdrew from his agreement and notified the arbitrators that he 'would not abide by their award, thus causing the plaintiff the expense of employing counsel and entering suit. The petition prayed for judgment for $1,475, besides interest, and for $250 attorney's fees. The defendant demurred to so much of the petition as claimed attorney's fees. The demurrer was overruled. He also filed an answer, in which he admitted having entered into an agreement to purchase the interest of the plaintiff in the partnership mentioned, but averred that this agreement was induced by the express guaranty of the plaintiff that the debts of the firm did not exceed $8,000; and that this guaranty was not true, the partnership debts as a matter of fact amounting at that time to $17,797.96, one half of which had been paid by the defendant as the successor of the plaintiff in the partnership. The answer prayed that the defendant have judgment against the plaintiff for $4,898.88, or one half of the excess of the amount really owed by the firm, at the time of the contract, over the amount represented by the plaintiff to be the maximum indebtedness of the partnership. On the trial the jury returned a verdict for the plaintiff for $1,475, without interest or attorney's fees. The defendant's motion for a new trial was overruled, to which order, as well as the order overruling his demurrer, he excepts.

There can be no doubt that the demurrer to so much of the petition as sought to recover attorney's fees should have been sustained. The allegations of the petition do not set up such bad faith as the law recognizes as a warrant for the recovery of attorney's fees. "Bad faith," as contemplated by the statute, refers to the original transaction rather than to the motive with which the defense is made. *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381 (7). It matters not how stubborn or litigious a defendant may be, he is not liable for attorney's fees so long as he has proceeded in good faith and has a substantial right in the premises. *Lowry Banking Co.* v. *Atlanta Piano Co.*, 95 *Ga.* 149. The fact that the defendant entered into an agreement to submit to arbitration, and after evidence had been heard but before an award had been made withdrew from his agreement, furnished no ground for a judgment against him for attorney's fees; for it was his right to

withdraw at any time before an award.    *Parsons* v. *Ambos*, 121
*Ga.* 98.    We do not, however, reverse the judgment of the court
below on the ground of error in overruling the demurrer, because
it is apparent, from the fact that no verdict was returned for
attorney's fees, that this error was harmless.    But the admission
of evidence in support of the allegations of the petition which
were attacked by the demurrer was, in our opinion, error requiring
the grant of a new trial.    The natural tendency of this evidence
was to prejudice the minds of the jury against the defendant by
creating the impression that in withdrawing from a submission to
arbitration into which he had entered he was acting in bad faith;
and to this extent it was not only irrelevant but harmful.    The
plaintiff's petition was, in effect, an action on account for the
agreed purchase-price of a one-half interest in the partnership,
while the plea of the defendant was one of failure of considera-
tion.    The evidence demanded a finding that the defendant pur-
chased the plaintiff's interest in the partnership and agreed to pay
therefor $1,650, only $175 of which was ever paid; that the
plaintiff stated to the defendant that the debts then due by the
firm would approximate $8,000; that as a matter of fact they
exceeded this amount; that the debts due to the firm were also in
excess of the amount represented by the plaintiff; and that the
defendant, upon learning that the statements made to him by the
plaintiff were not true, did not attempt to rescind the contract,
but adhered to it, reaping whatever benefits accrued to him from
a membership in the firm, as well as bearing his proportion of the
partnership burdens.    Under the evidence the jury might have
found for the plaintiff the full amount sued for, with the excep-
tion of attorney's fees; they might have found that the considera-
tion flowing to the defendant had partly failed, and have returned
a verdict for the plaintiff on a quantum valebat, or they might
have found that the $175 already paid the plaintiff by the defend-
ant had completely discharged the obligation in view of the failure
of the alleged warranty.    Thus, in view of the conflict of the evi-
dence on this vital and controlling point, it is clear that the
admission of irrelevant evidence having a tendency harmful to the
defendant must work the grant of a new trial.    The motion for a
new trial also complains of alleged error in the charge of the
court; but those charges, in our opinion, fairly set forth the law

applicable to the case.    We reverse the judgment solely on the ground of error in the admission of evidence as above set out.

*Judgment reversed.    All the Justices concur.*