WEST *v.* HAAS *et al.,* executors, etc.

No. 13599.   FEBRUARY 12, 1941.

*S. T. Allen* and *H. C. Schroeder,* for plaintiff in error.

*Sol I. Golden, William G. Grant* and *H. J. Haas,* contra.

GRICE, Justice. Nothing will be added to what is stated in the first five headnotes. Only the ruling in the seventh will be discussed. Paragraph (g) of complainants' prayer was, "That your petitioners have judgment against the defendant in the sum of $2500, and for attorneys' fees for filing this suit." This was demurred to on the ground that "nowhere in the petition are set forth facts that would warrant the recovery of attorneys' fees for the filing of the suit." Petitioners amended their petition in part, by adding thereto the following paragraphs: "24. Your petitioners aver that in attempting to foreclose the tax deed held by him against Mrs. Cora Guthman as though she were in life, when as a matter of fact said Mrs. Cora Guthman was dead, as defendant knew, or as he would have had he examined the records in the Fulton Court of Ordinary for the purpose of ascertaining the names of all persons having any right, title, or interest in said property, as required by law, defendant acted in bad faith, and by his said action has caused the petitioners unnecessary trouble and expense by forcing them to bring this action. 25. Your petitioners aver that in refusing to accept the amount tendered to him as hereinabove set out, and in refusing to give your petitioners a quitclaim deed to the property, defendant acted in bad faith in an attempt to force petitioners to pay him a sum to which he was not legally

or otherwise entitled, and by his said action has caused your petitioners unnecessary trouble and expense in forcing them to bring this action to protect their interest and to remove defendant's claim as a cloud on their title." Plaintiffs further amended by striking paragraph (g) of the prayers, and by inserting in lieu thereof the following: (g) That your petitioners have judgment against the defendant in the sum of $1000, for the unnecessary trouble and expense, including attorney's fees, caused by defendant as hereinabove set out.

The defendant renewed his demurrers to the petition as amended, and they were overruled. That part of the petition seeking recovery of damages, which this ground of demurrer challenged, should have been stricken, unless complainants set forth facts sufficient to bring them within one of the three exceptions stated in the Code, § 20-1404, which declares that "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." There is no averment anywhere that West attempted to foreclose the tax deed. The allegation is, "That said Thomas B. West now claims that the Tax Financing Company has foreclosed the right to redeem the property under the procedure provided for in Title 92 of the Code of 1933." So that there is no basis for the charge that West "acted in bad faith and by his said action has caused the petitioners unnecessary trouble and expense by forcing them to bring this action," even if it could be said that mere failure to examine the records in the Fulton Court of Ordinary for the purpose of ascertaining that Mrs. Guthman was dead, and the names of all persons having any title or interest in the property, would be sufficient to indicate bad faith on anybody's part. The only other fact pleaded as a basis for the charge of bad faith was, as above pointed out, that he refused to accept the tender and refused to give petitioners a quitclaim deed to the property. These, it is said, caused petitioners unnecessary trouble and expense in forcing them to bring this action. It is not even alleged in the petition that West did not in fact believe that the city had a right to sell this property for unpaid taxes in the manner it did, nor that he did not believe that his immediate predecessor in title, the purchaser at the tax sale, did not get a good title, and that by

pursuing the law as laid down in title 92 of the Code of 1933 the right to redeem no longer existed.

In *O'Neal* v. *Spivey*, 167 *Ga.* 176, 180 (145 S. E. 71), where an award by the jury of attorneys' fees was upheld, they were claimed, so it is stated in the opinion, by reason of a stubborn and litigious spirit shown by the defendant in connection with the transaction. They are not asked for here on any such ground. In that case, however, it was pointed out in the opinion that the petition alleged "details and circumstances from which a jury would be authorized to infer a stubborn and litigious spirit." As observed by Mr. Justice Lamar, in *Traders Insurance Co.* v. *Mann*, 118 *Ga.* 381, 384 (45 S. E. 426), this court in *Mosely* v. *Sanders*, 76 *Ga.* 293, did not have before it a case involving bad faith, the holding there being that the sheriff was liable for expenses incurred as the result of his wrongful refusal to accept an affidavit of illegality, even though he acted in good faith. It is to be noted that the Code section quoted above contains the clause, "or has caused the plaintiff *unnecessary* trouble and expense." (Italics ours.) It may be assumed that every lawsuit causes the plaintiff some trouble and expense, but this is not what the statute has in mind. One of the provisions of the bill of rights contained in the constitution of this State declares that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." Code, § 2-104. This is a privilege granted to the defendant as well as the plaintiff. *Traders Insurance Co.* v. *Mann*, supra. "Where there is a bona fide controversy for the tribunals to settle, and the parties can not adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." *Tift* v. *Towns*, 63 *Ga.* 237, 242. See also *Ga. R. & Bkg. Co.* v. *Gardner*, 118 *Ga.* 723 (45 S. E. 600.)

In overruling the general demurrer, and all the special demurrers save in one instance, the trial court was correct. Nor was there any abuse of discretion in granting the interlocutory injunction. The court erred, however, in not sustaining that portion of the demurrer which related to the plaintiffs' claim for attorney's fees. Let the costs incurred in suing out the writ of error be taxed against the defendants in error.

*Judgment reversed in part and affirmed in part. All the Justices concur.*