**SHEMWELL et al. v. GRAHAM.**

No. 12150.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1948.

H. G. Rawls, of Albany, Ga., for appellants.

W. W. Dykes, D. H. Dykes and Wingate Dykes, all of Americus, Ga., and H. H. Perry, Jr., of Albany, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The facts in this case, as established by the verdict of the jury, are these:

The appellee bought a Tennessee walking horse from appellant with the express agreement that the purchaser would be permitted to keep the horse for a trial period of ninety days with the right to return the animal within that period and get back

$5500 of the purchase money. The price was $7500, which was paid before delivery of the horse. Under the contract, the buyer was to take a loss of $2000 if he returned the horse. The horse was returned in good condition within the trial period, but the appellant failed and refused to return any part of the purchase money.

The jury returned a verdict for appellee for $5500 plus attorney's fees in the sum of $1000. All controverted questions of fact having been resolved in favor of the plaintiff by the jury's verdict, we deem it necessary to discuss only the matter of attorney's fees. The law of Georgia governs, and Section 20-1404 of the 1933 Code of that state provides as follows: "EXPENSES of Litigation.—The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecssary trouble and expense, the jury may allow them."

The bad faith mentioned in the statute refers to the transaction out of which the cause of action arose, rather than to the motive with which the defense is made. In Chambers & Co. v. Harper, 83 Ga. 382, 9 S.E. 717, where a horse was sold for cash with an express warranty, the evidence showing that the sellers acted in bad faith in refusing to return the money, the court held that the jury were justified in allowing the buyer his counsel fees; but this case has been criticised, and we prefer to place our decision upon later Georgia authorities, which hold the rule to be as stated at the beginning of this paragraph. Traders' Ins. Co. v. Mann, Trustee, 118 Ga. 381, 45 S.E. 426; Edwards v. Kellogg, 121 Ga. 373, 49 S.E. 279; West v. Haas, 191 Ga. 569, 13 S.E.2d 376; Grant v. Hart, 197 Ga. 662, 30 S.E.2d 271.

We think the jury were warranted in finding bad faith on the part of the seller in making this sale. It appears from his own testimony that, at the time of delivering the horse to appellee, he had no intention of refunding any part of the money if the horse were returned in accordance with the original agreement. He claimed, by a conversation with the buyer over the telephone, to have abrogated the option for the latter to return the horse, and to have written a letter dated July 5, 1946, which clearly indicated his intent to rescind the original agreement. The appellee denied having agreed to any such change in the terms of sale, and produced the letter, which contained no such modification of the original contract. On the contrary, the letter stated that appellant "would be delighted if the mare did not suit, under our ninety day agreement to send her back at a loss of $2000 to you." Yet, according to appellant's own testimony, although "the letter may not have been as clear as it could be," the intent and purpose of appellant was to abrogate the option permitting the buyer to return the horse as originally stipulated. This intention was not disclosed to the appellee. From that and much other testimony, the jury were amply justified in awarding attorney's fees to the appellee.

We find no reversible error in the record, and the judgment appealed from is affirmed.