## S94A1656. LATHAM v. FAULK.
(454 SE2d 136)

FLETCHER, Justice.

Charles Faulk sued Saralyn Latham for specific performance of a contract to make a will that had been made by Faulk and Latham's respective predecessors-in-interest. Following a verdict by an advisory jury in favor of Faulk, the trial court entered judgment enforcing the contract and awarding Faulk damages and attorney fees pursuant to

---

OCGA § 13-6-11. We reverse the award of attorney fees, but affirm on the remaining issues.

1. After reviewing the record, we hold that the court's judgment regarding the enforceability of the contract and damages flowing therefrom is supported by sufficient evidence. *Scott v. Scott,* 243 Ga. 472, 473 (254 SE2d 852) (1979). We, therefore, affirm that portion of the trial court's judgment.

2. Where a bona fide controversy exists, attorney fees may be awarded under OCGA § 13-6-11 only where the party sought to be charged has acted in bad faith in the underlying transaction. *Dimambro Northend Assoc. v. Williams,* 169 Ga. App. 219, 224-225 (312 SE2d 386) (1983). A review of the record demonstrates that there was a bona fide controversy regarding the existence and terms of the contract because there was no extant signed copy of the contract that Faulk sought to enforce. In completing the special verdict form, the jury did not find that Latham had acted in bad faith. In the absence of bad faith, the award for attorney fees cannot stand.[1]

3. Faulk's request for damages for a frivolous appeal is denied.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham, P. J., who concurs specially.*

BENHAM, Presiding Justice, concurring specially.

While first recognizing that the expenses of litigation are generally not allowed as part of damages, OCGA § 13-6-11 authorizes a factfinder to make such an award when the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused unnecessary trouble and expense. If any evidence supports the jury's verdict, it must be upheld on appeal. *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676, 677 (266 SE2d 796) (1980).

Acting under the auspices of OCGA § 9-11-49, the jury returned a special verdict in which it found that Ms. Latham had caused Mr. Faulk unnecessary trouble and expense, and awarded him $15,000 attorney fees. In its judgment, the trial court determined that the award was proper, based upon the testimony of an experienced trial attorney concerning the work done by Faulk's counsel during the six years the litigation was pending in the trial court. This court now reverses that judgment on the ground that the existence of a bona fide controversy negates, as a matter of law, a finding that a party has been stubbornly litigious or caused unnecessary trouble and expense.

---

[1] Faulk did not seek attorney fees under OCGA § 9-15-14 (b), which provides that [t]he court may assess reasonable and necessary attorney's fees and expenses of litigation . . . if . . . it finds . . . that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct . . . .

I agree with the result reached by the majority, but I am not willing to hold that the existence of a bona fide controversy precludes, as a matter of law, a finding that a party has caused unnecessary trouble and expense. Instead, I believe that the award should be reversed on the ground that the "unnecessary trouble and expense" of § 13-6-11 does not cover the situation presented by the case at bar.

I wholeheartedly agree with the holding that a party is caused unnecessary trouble and expense if there is no bona fide controversy and the party is forced to resort to the courts to achieve satisfaction. *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 524 (191 SE2d 317) (1972). See also *Pferdmenges, Preyer &c. v. Butler, Stevens &c.*, 117 Ga. 400 (2) (43 SE 695) (1903). This is so because the Georgia Constitution safeguards every person's right to prosecute or defend that person's cause in the courts of this State. Art. I, Sec. I, Par. XII. *West v. Haas*, 191 Ga. 569, 575 (13 SE2d 376) (1941). However, I do not as readily accept the opposite of that corollary — that the presence of a bona fide controversy makes impossible a finding that a party has caused unnecessary trouble and expense. Even where there is a bona fide controversy, if the evidence supporting the claim of causing unnecessary trouble and expense establishes that there has been "wanton or excessive indulgence in litigation[,]" an award is sustainable. See *Tift v. Towns*, 63 Ga. 237 (3) (1879). Thus, even if a bona fide controversy exists, a person who has wantonly or excessively indulged in litigation may be found liable for expenses of litigation under § 13-6-11.

In the case at bar, the evidence relied upon by the trial court to award expenses of litigation to Mr. Faulk was an attorney's testimony that the amount of the bill for legal services submitted by Mr. Faulk's counsel was reasonable and necessary considering the type of case, and contained expenses customarily incurred in litigation. Such evidence does not establish that Ms. Latham had been wanton or excessive in litigation. As a result, the award of expenses of litigation was not supported by evidence and must be reversed. I therefore concur with the decision of the majority to reverse that portion of the judgment awarding Mr. Faulk $15,000 as expenses of the litigation.

DECIDED MARCH 6, 1995.

*G. Lee Dickens, Jr.*, for appellant.
*M. Brice Ladson, John C. Peeples*, for appellee.