## ALLEN *v.* HARRIS.

1. It is once more ruled that this court can not undertake to determine whether or not a trial court erred in admitting testimony, when it does not appear what, if any, objection was made to the same at the time it was offered, or when the record does not disclose what the testimony alleged to have been improperly admitted was.
2. Points made in a bill of exceptions, but not argued here, will be treated as having been abandoned.
3. An instruction appropriate to allegations made in a petition upon which the defendant goes to trial without demurrer can not be regarded as erroneous.
4. Proof of what was paid for professional services is not, without more, sufficient proof of their value.
5. The verdict in the present case was, as to one of the two findings embraced therein, supported by the evidence ; as to the other, it was not.

Submitted March 2,—Decided March 27, 1901.

Equitable petition. Before Judge Reese. Hancock superior court. April 14, 1900.

*Hunt & Merritt*, for plaintiff in error.

*William H. Burwell*, contra.

LUMPKIN, P. J. The defendant in error, M. W. Harris, brought against Mrs. Florence R. Allen, in the superior court of Hancock county, an equitable petition to reform a deed, in which was also embraced a prayer for damages, based on the ground that Mrs. Allen had been guilty of bad faith in refusing to voluntarily correct

the deed, and stubbornly litigious in the matter. There being no demurrer to the petition, the case went to trial upon its merits. The jury returned a verdict in favor of the plaintiff, finding that the deed be reformed as prayed for, and that he recover of the defendant damages in the sum of $203. Thereupon Mrs. Allen made a motion for a new trial, and the same having been overruled, she excepted.

1. In two of the grounds of the motion, error is assigned upon admitting evidence. In neither of these grounds is it stated what, if any, objection was made to the evidence at the time it was offered, and one of them fails altogether to disclose what the testimony objected to was. It requires neither argument nor the citation of authority to show that these two grounds present no question for determination.

2. Another ground of the motion alleges error in refusing to give in charge a specified written request. As counsel for the plaintiff in error did not argue before us the point thus raised, it will be treated as having been abandoned. See *Laffitte* v. *State*, 105 *Ga.* 595, and cases cited.

3. Complaint is also made that the court gave in charge to the jury the law embraced in the Civil Code, § 3796, which prescribes when the expenses of litigation may be allowed as damages. The giving of this charge is alleged to have been erroneous, " because the petition in this case was for specific performance, and damages could not be under the law allowed." This was not an action for specific performance. But, aside from this, a complete reply to the complaint made is that the charge was precisely adjusted to the case laid in the plaintiff's petition, upon which, as already stated, the defendant went to trial without objection.

4. It is in the general grounds of the motion for a new trial alleged that the verdict was contrary to the evidence and without evidence to support it. In so far as relates to the recovery of damages, we think there is merit in this contention. The plaintiff proved that he paid to a surveyor $3 for resurveying the lot intended to be described in the deed which needed reformation. It was not, however, shown that the expense thus incurred was in any manner attributable to bad faith or stubborn litigiousness on the part of Mrs. Allen, nor was there any proof as to the actual value of the surveyor's services. The plaintiff testified as a witness that he had paid

his attorney $200 for bringing and prosecuting in the superior court the present action, but no further effort was made to show the value of these services, nor was any evidence introduced to the effect that $200, or any other amount, would be fair and reasonable compensation for the same. Hence our conclusion that no finding of damages against the defendant was warranted. While, in undertaking to prove the value of the services rendered, it may have been perfectly legitimate to show what the plaintiff actually paid therefor, this alone was not sufficient to establish that such services were in point of fact worth what he contracted to pay or did pay therefor.

5. In so far as the jury found that the deed should be reformed, the verdict was amply supported by evidence. In the view we entertain of the verdict, we think it appropriate to act upon the suggestion made in the brief of counsel for the plaintiff in error, that, in the event the judgment of the court below should not be reversed generally, it "should be affirmed with direction that the attorney's fees of two hundred ($200.00) dollars, and surveyor's fees of three ($3.00) dollars, be written off." We accordingly adjudge that if the defendant in error will voluntarily write off the recovery of damages, the judgment below stand affirmed; but that if he declines to do so, the judgment be reversed.

*Judgment affirmed, on condition. All the Justices concurring.*