### 25519. BURCH v. WILLIAMS, Executor, et al.

ARGUED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*J. Lundie Smith, W. G. Elliott,* for appellees.

MOBLEY, Presiding Justice. This is an appeal from a judgment of the Superior Court of Lowndes County dismissing the petition of the appellant for want of jurisdiction on the ground of an adequate remedy at law, and holding further that proceedings in the court of ordinary, which the appellant sought to have declared void, were authorized under 'Code § 113-1522, as amended, and that there was no appeal from the judgment of the court of ordinary fixing the fee of the attorney appellant for services rendered the executor of an estate. These holdings of the court were enumerated as error.

The appellant's petition alleged that he, an attorney, contracted with the executor of the estate to represent the estate for a fee under the schedule of fees adopted by the Valdosta Bar Association; that the executor terminated his services and they agreed upon a fee of $400 for his services; that later the executor advised him that $400 was excessive and offered to pay him $200, which he refused to accept. Thereafter, the executor filed a petition in the court of ordinary asking the court to fix the attorney's fee. The appellant filed a caveat to the petition, alleging that for reasons therein set out the petition should be denied, "as not being filed in compliance with the spirit and intent of the act relating to the authority of administrators to provide for the estate competent legal counsel, or relating to an instance when the administrator or the legal counsel may obtain the ordinary's approval, or obtain a judgment fixing attorney's fees and expenses." After hearing evidence, the ordinary entered judgment denying the appellant's caveat, sustaining the prayer of the executor's petition, and awarding attorney's fees of $200. There was no appeal from this judgment. Thereafter the appellant filed this petition in equity, seeking to declare void the judgment of the court of ordinary.

The question arises as to whether the contract between the appellant and the executor is enforceable at law; and whether the court of ordinary has jurisdiction where, as here, a controversy as to the fee arises between the attorney and the executor, to determine the issue and fix the fee upon petition filed by the executor.

In *Kimball v. Casey*, 169 Ga. 631 (3) (151 SE 372), it was held that if an administrator by contract employed an attorney to represent the estate in a matter concerning the estate, and such contract was made with due care, the contract would be binding, with or without the order of the court of ordinary.

In *Cromer v. Chambers*, 104 Ga. App. 196 (121 SE2d 397), the Court of Appeals held that the court of ordinary was without jurisdiction to assess and award attorney's fees to an attorney representing an estate on a petition brought by the attorney for that purpose in the court of ordinary. (Certiorari denied.) *Code* § 113-1522 at that time provided: "An administrator is authorized to provide for the estate competent legal counsel, according to the needs of the estate he represents." *Code* § 113-1522 was thereafter amended by adding the following thereto: "Either the administrator or the attorney employed may, by petition to the ordinary and duly served on the other, obtain a judgment fixing the attorney's fees and expenses. Such judgment shall be appealable as in other cases." Ga. L. 1964, p. 212.

We are of the opinion that while a contract between an attorney and an executor as to payment of attorney's fees for representing the estate is enforceable at law, where a controversy arises between the attorney and the representative of the estate as to the fee, either party may by petition to the ordinary have the issue determined by the ordinary. The judgment of the court of ordinary is appealable under *Code* § 113-1522, as amended.

The failure of the appellant to appeal from this judgment of the court of ordinary made that judgment the law of the case. The appellant had an adequate remedy at law by appeal, which he failed to exercise. Thus his equitable action to declare the judgment void will not lie, as equity will not entertain jurisdic-

tion where there is an adequate and complete remedy at law. *Code* §§ 37-102, 37-120; *Burress v. Montgomery,* 148 Ga. 548 (2) (97 SE 538). "The rule is well settled that, barring extraordinary circumstances, the exhaustion of the statutory remedy of appeal is a prerequisite to relief in equity. *Carter v. Board of Ed. of Richmond County,* 221 Ga. 775, 777 (147 SE2d 315); *Bedingfield v. Parkerson,* 212 Ga. 654, 660 (94 SE2d 714)." *Boatright v. Brown,* 222 Ga. 497 (2) (150 SE2d 680).

*Judgment affirmed. All the Justices concur.*