## 58203. HOLLOWAY v. McCARTHY.

Shulman, Judge.

Default judgment was entered against appellant in an action seeking recovery of a sum certain, plus attorney

fees pursuant to Code Ann. § 20-1404. After the Civil Court of Richmond County denied appellant's motion pursuant to Code Ann. § 81A-160 (c) for "new trial or in the alternative motion to set aside" the default judgment, and without appealing the denial of that motion, appellant filed a complaint in equity in superior court, seeking to set aside the default judgment pursuant to Code Ann. § 81A-160 (e). This appeal follows the grant of appellee's and the denial of appellant's respective motions for summary judgment. We reverse the judgment in favor of appellee McCarthy with the direction that summary judgment be entered in favor of appellant Holloway insofar as attorney fees are concerned.

1. In granting the motion for summary judgment, the court sustained appellee's contention that appellant's complaint in equity was barred by the doctrine of res judicata. We agree with appellant's contention that summary judgment could not be properly granted on that basis.

While appellant's motion to set aside the judgment on equitable principles improperly attempted to raise issues previously addressed in his first motion (see in this regard *Eison v. Coker,* 45 Ga. App. 122 (163 SE 511)), the equitable complaint also asserted additional grounds which were not included in the prior motion, to wit: that the portion of the judgment awarding attorney fees pursuant to Code Ann. § 20-1404 was void because it was rendered without the verdict of a jury.

Because appellant's second motion to set aside the default attacked the judgment as being void and the original motion did not attack the judgment on that basis, the "prior ruling of the trial judge against the defendant's motion to set aside the judgment, from which ruling no appeal was made, was not res judicata." *Greene v. Greene,* 76 Ga. App. 225 (a) (45 SE2d 713).

2. Appellant, submitting that the judgment was void as being rendered without a jury verdict, asserts that he was entitled to prevail on the merits of his motion. We agree.

"The trial court was without jurisdiction to render the judgment without the verdict of a jury, the action being for unliquidated damages [cf., e.g., *Young v. John*

*Deere Plow Co.,* 102 Ga. App. 132 (2b) (115 SE2d 770)], and such judgment was void." *Greene,* supra, p. 228. See also *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (3) (242 SE2d 32). This being so, the trial court erred in refusing to set aside that portion of the judgment awarding attorney fees.

*Judgment reversed with direction that summary judgment be entered in favor of appellant Holloway insofar as attorney fees are concerned. Deen, C. J., and Carley, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED OCTOBER 5, 1979 — REHEARING DENIED OCTOBER 19, 1979 —

*Vernon J. Neely,* for appellant.
*Jay M. Sawilowsky,* for appellee.