35733. McCARTHY v. HOLLOWAY.

CLARKE, Justice.

Appellee is a holder of a default judgment entered by the trial court upon an alleged ex delicto cause of action. The trial judge granted and the judgment included a sum of money as attorney fees. Appellant first filed a motion for new trial or, in the alternative, motion to set aside the default judgment, which motion was denied and not appealed. Following this, appellant filed a complaint in equity attacking the judgment on the grounds that it was secured by fraud and that a portion of the judgment was void upon its face because of the award of attorney fees in an ex delicto action. The Court of Appeals reversed the trial court's grant of summary judgment to appellee and

directed that summary judgment be entered in favor of appellant insofar as attorney fees are concerned. We affirm.

This court is concerned with the following circumstances: The issue of validity of the portion of the judgment awarding attorney fees could have been but was not included in the motion for new trial or in the alternative motion to set aside the judgment. Does this fact, therefore, render the issue res judicata so that it cannot be a valid ground to set aside a judgment by complaint in equity?

In causes of action arising ex contractu, the court may, without a jury, hear evidence and award damages including attorney fees. Code Ann. § 81A-155 (a). *Georgia Farm Bureau Ins. Co. v. Williamson,* 124 Ga. App. 549 (4) (184 SE2d 665) (1971). In causes of action arising ex delicto, damages including attorney fees can only be awarded by a jury. Code Ann. § 81A-155 (a). When a court purports to render a judgment beyond its jurisdiction, the judgment is void. *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32) (1978). It has been held that a judgment rendered by the court when a jury verdict is required by statute is void and a mere nullity. *Greene v. Greene,* 76 Ga. App. 225 (45 SE2d 713) (1947). When a judgment or a portion thereof is void on its face, it may be attacked in any court by any person. Code Ann. § 81A-160 (a). *Canal Ins. Co. v. Cambron,* supra. When attacking a judgment, a party is generally required to raise any issue which could be raised in his first attack. Code Ann. § 110-501. However, this rule does not obtain in instances in which the judgment or a portion of it is void and such voidness appears on the face of the judgment. This class of judgments is not susceptible to statutes of limitation and there is no bar, estoppel or limitation as to when this type of judgment may be attacked. *Wasden v. Rusco Industries, Inc.,* 233 Ga. 439, 445 (211 SE2d 733) (1975). An exception to the above statement is that Code Ann. § 81A-160(f) provides that a judgment void on its face for reasons other than lack of jurisdiction may not be attacked after the passage of three years. The instant action was brought within three years of the judgment complained of. If a judgment is void on its face, it is a mere nullity. It is as

though it does not exist. The failure to attack a non-entity at a previous opportunity cannot have the effect of breathing life into it.

*Judgment affirmed. All the Justices concur, except Undercofler, C. J., Hill and Marshall, JJ., who dissent.*

SUBMITTED JANUARY 16, 1980 — DECIDED APRIL 8, 1980 — REHEARINGS DENIED APRIL 22 and APRIL 29, 1980.

*Jay M. Sawilowsky,* for appellant.
*Vernon J. Neely,* for appellee.

HILL, Justice, dissenting.

The majority treats this as a suit in equity brought under Code Ann. § 81A-160 (a) to set aside a judgment alleged to be void on its face. (It is not treated as a suit under § 81A-160(e) as the complainant has failed to show fraud, etc., unmixed with negligence or fault of the complainant.) In my view the complainant cannot sue in equity because he had an adequate remedy at law. He could have raised this issue in his motion for new trial, Code Ann. § 81A-155 (a), or his motion to set aside the default, and he could have appealed an adverse ruling. By failing to utilize the available remedy at law, complainant waived, in my view, the right to raise the issue in a subsequent suit in equity and he should be estopped from doing so now.

"The appellant had an adequate remedy at law by appeal, which he failed to exercise. Thus his equitable action to declare the judgment void will not lie, as equity will not entertain jurisdiction where there is an adequate and complete remedy at law." *Burch v. Williams,* 226 Ga. 10, 12-13 (172 SE2d 417) (1970).

One difficulty with the majority decision is that the plaintiff in the original suit presumably was entitled to attorney fees if awarded by a jury. If the original defendant, the complainant here, had raised this issue by motion and on appeal, the absence of a jury award could have been cured by the grant of a new trial and the plaintiff could have received any jury award due her. By foregoing the right of appeal and by utilizing the separate

complaint in equity, the original defendant may have precluded the original plaintiff from obtaining an award of attorney fees. Hence I would add laches to my reasons for denying this equitable relief.

As was said in *Hite v. Waldrop*, 230 Ga. 684, 685 (198 SE2d 665) (1973): "There must be an end to litigation. It is futile for the courts to decide issues if those same issues may be relitigated by the losing parties, contending that error was committed in the previous decisions." While usually lamenting lack of finality of litigation, the majority in this case has contributed to the problem, in my view, rather than solving it. I therefore respectfully dissent.

I am authorized to state that Chief Justice Undercofler and Justice Marshall join in this dissent.