61719, 61757. WILLETT LINCOLN-MERCURY, INC. v. LARSON; and vice versa.

BANKE, Judge.

The plaintiff in this garnishment action obtained a default judgment against the garnishee for the full amount of a default judgment previously entered against the defendant debtor. Although properly notified that the garnishment judgment had been entered, the garnishee failed to seek relief within 60 days under the provisions of Code Ann. § 46-509 (as amended through Ga. L. 1980, pp. 1769, 1773); however, several months later it moved to set the judgment aside pursuant to Code Ann. § 81A-160 (d), contending that the underlying default judgment against the debtor, which had been rendered without the intervention of a jury, was void because it included an award of attorney fees for bad faith and stubborn litigiousness. The trial court denied the motion but did reduce the amount of the garnishment judgment by the amount of the attorney fees. From this order, the garnishee appeals and the plaintiff cross appeals.

The claim against the judgment debtor was for $800 in back rent, plus damages for injury to the premises and conversion of personal property. The total relief sought was $1,500 in actual damages, plus interest and attorney fees. The amount of the default judgment, however, was only $846, plus attorney fees in the amount of $120 and costs of court. The judgment originally entered against the garnishee was for $986. In response to the motion to set aside, the trial court

ruled that the attorney fees constituted an unauthorized award of unliquidated damages but determined that the remaining $866 represented a valid judgment debt consisting of $800 back rent, $46 prejudgment interest on that amount, and $20 court costs. *Held:*

1. Because the judgment as modified did not include any unliquidated damages, the court did not err in refusing to set it aside. The sole enumeration of error in the main appeal is thus without merit.

2. We reject the plaintiff/cross appellant's claim that the motion to set aside was not timely filed. Where a motion to set aside is predicated on a nonamendable defect appearing on the face of the record, as was this one, it need not be filed within the same term of court but may be filed within three years. Code Ann. § 81A-160 (f).

3. We further reject the argument that the garnishee was not entitled to attack the original judgment after allowing the garnishment proceeding to go into default. The case of *McLean v. G. T. Duke Co.,* 95 Ga. App. 135 (97 SE2d 537) (1957) does not require a contrary ruling but merely holds that a garnishee waives objections to the underlying judgment if he fails to make them when the judgment is introduced into evidence during the trial of the garnishment action. In this case there was no trial and thus no failure to object. Similarly, *Farmers' & Traders' Bank v. University Pub. Co.,* 9 Ga. App. 128 (70 SE 602) (1911) does not require a different result, for the court there expressly held that "[t]he right of the garnishee to attack the main judgment is equal with that of the defendant in fi. fa. . ." *Id.* at 128.

4. The court did not err in setting aside the award of attorney fees, as these were clearly unliquidated damages which could be assessed only by a jury. See *Holloway v. McCarthy,* 151 Ga. App. 828 (261 SE2d 732) (1979); Code Ann. § 81A-155 (a). The case of *Alexander v. Askin Squire Corp.,* 144 Ga. App. 662 (242 SE2d 324) (1978) is inapposite, since it concerned an award of contractual attorney fees pursuant to Code Ann. § 20-506, rather than an award of attorney fees for bad faith and stubborn litigiousness pursuant to Code Ann. § 20-1404.

5. The plaintiff's request for an assessment of 10 percent damages against the garnishee for filing a frivolous appeal is denied, as the garnishee's appeal does not appear to be any more frivolous than the cross appeal.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 15, 1981.

*Wayne F. Carmichael,* for appellant.

*Richard P. Reinhart, David W. Porter,* for appellee.