## 62031. BRANNON ENTERPRISES, INC. v. DEATON.

BIRDSONG, Judge.

Attorney fees. The appellant, Brannon Enterprises, Inc., sold jewelry items to the appellee, Deaton, on open account. Evidence presented by Brannon to the trial court upon an ex parte default judgment hearing indicated that as early as July, 1974, Deaton was indebted to Brannon in the amount of $775. Over the next four years, Deaton made additional charges of approximately $2,000. Additionally in what appears to be monthly credit charges, Deaton's account was debited with approximately $600. During the period from 1974 until July, 1979, Deaton made payments amounting to approximately $2,900. During the year preceding the filing of the complaint upon the open account by Brannon, Deaton made no additional payments. As of the time of the complaint, Deaton owed approximately $450. Brannon complained for the amount owing on the account plus $100 attorney fees. Deaton never filed an answer and went into default. Brannon then sought judgment on the default. The trial court granted Brannon judgment on the full amount of the open account indebtedness but concluded that the mere failure to answer or to pay the indebtedness did not constitute "bad faith," "stubborn litigiousness," or "causing unnecessary trouble and expense" so as to warrant the costs of litigation being assessed against Deaton including the payment of $100 attorney fees alleged in the complaint. The trial court required Brannon to produce evidence to show that the provisions of Code Ann. § 20-1404 were applicable and concluded that Brannon's evidence did not so show. Brannon brings this appeal arguing that the default judgment established as a matter of law the applicability of Code Ann. § 20-1404 because all well pleaded allegations were admitted by the default. Appellant thus enumerates as error the action of the trial court requiring Brannon to establish the applicability of Code Ann. § 20-1404 and the trial court's refusal to allow any evidence to establish the value of the services of Brannon's attorney. Deaton has made no appearance on appeal. *Held:*

We affirm in part and reverse in part. Costs of litigation may be predicated upon either one or more of the three grounds stated in Code Ann. § 20-1404. However, the ground of "bad faith" is not supported by the evidence. Bad faith is bad faith arising out of the transaction upon which the complaint is based and refers to a time prior to the institution of action. *Traders Ins. Co. v. Mann,* 118 Ga. 381, 384 (45 SE 426). The evidence in this case supports no finding that Deaton exercised bad faith in his transactions with Brannon. Deaton made bona fide purchases from a willing seller and satisfied

his creditor for a number of years. Nor do we find from the evidence that the mere act of failing to file an answer is stubbornly litigious. It is firmly established that the mere refusal to pay a debt will not support attorney fees and is not the same as stubborn litigiousness. *Palmer v. Howse,* 133 Ga. App. 619, 621 (212 SE2d 2). In this case there is no evidence that Deaton disputed the debt or otherwise aggravated Brannon's proof. In fact by his failure to answer he admitted the debt and in effect admitted his liability therefor. See *Murphy v. Morse,* 96 Ga. App. 513, 516 (3) (100 SE2d 623).

However, the point is that we do deal with a defendant who has admitted his liability. His position is less sustainable than one who actually defends a lawsuit. It has been held that "a defendant without a defense may still gamble on a person's unwillingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing." *Beaudry Ford v. Bonds,* 139 Ga. App. 230 (2) (228 SE2d 208); but "where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." *Tift v. Towns,* 63 Ga. 237, 242. "The key to the test is 'bona fide controversy.' Where none exists, then forcing a plaintiff to resort to the courts in order to collect is plainly causing him 'unnecessary trouble and expense.'" *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317). Our Supreme Court has recognized the test laid down in the *Buffalo Cab Co.* case, supra, as an instance where the award of expenses of litigation was proper. *Shearer v. Griffin,* 233 Ga. 47, 49 (210 SE2d 5). See also *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123, 127 (6) (240 SE2d 603). In this case there could be no bona fide controversy in view of Deaton's default in answer. See *Galanti v. Emerald City Records,* 144 Ga. App. 773 (242 SE2d 368). Deaton unquestionably caused the plaintiff "unnecessary trouble and expense" in forcing the plaintiff to resort to the courts to collect an indebtedness which Deaton then did not dispute. Thus, we must conclude that the trial court erred as a matter of law in determining that forcing Brannon to a lawsuit to collect an undisputed indebtedness did not cause Brannon unnecessary trouble and expense within contemplation of Code Ann. § 20-1404, and in thereby denying the assessment of litigation costs against Deaton.

We are in agreement, however, with the trial court insofar as it required evidence of the actual costs of the attorney and the reasonableness of those costs. " 'The expenses of litigation are not generally allowed as a part of damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble or expense, *the jury may allow them.'*

[Code, § 20-1404]. . . . The intent of the law, [as shown by the words, 'the jury may allow them,'] is to leave the matter of expenses . . . to the jury trying the case." *Patterson & Co. v. Peterson,* 15 Ga. App. 680, 684 (84 SE 163). "The plaintiff, by merely paying a given amount to his attorney, could not bind the defendants for this amount unless there were some evidence that the amount so paid was reasonable, and unless it was found so to be by the jury trying the case." *Patterson & Co. v. Peterson,* supra, p. 684.

We ratify Brannon's contention that by his default, Deaton has admitted that he has caused Brannon unnecessary expense and trouble; nevertheless, the bare allegation in a petition of the value of those fees does not change those damages from unliquidated damages to liquidated ones. "The trial court was without jurisdiction to render the judgment without the verdict of a jury, the action (for attorney fees) being for unliquidated damages . . . ." *Holloway v. McCarthy,* 151 Ga. App. 828, 829 (2) (261 SE2d 732). See also *Willett Lincoln-Mercury v. Larson,* 158 Ga. App. 540. This being a cause of action arising ex contractu, the trial court could, without a jury, have heard evidence and awarded damages including attorney fees. Code Ann. § 81A-155 (a). *McCarthy v. Holloway,* 245 Ga. 710, 711 (267 SE2d 4); *Georgia Farm Bureau Ins. Co. v. Williamson,* 124 Ga. App. 549 (4) (184 SE2d 665). It follows that though the court was correct in compelling the plaintiff to present evidence on the question of attorney costs, the trial court erred in limiting the impact of that evidence to a question of whether Deaton had acted in an arbitrary, stubborn manner. The court should have considered the evidence as to the reasonableness and amount of those damages. Accordingly, we affirm the judgment of the trial court insofar as it granted judgment to Brannon for the account indebtedness but reverse the judgment of the court insofar as it refused to consider the evidence as to amount of damages flowing from costs of litigation involved in attorney fees; and we remand the case for further consideration of that issue.

*Judgment affirmed in part, reversed in part, and remanded for action not inconsistent with this opinion. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1981.

*Michael C. Ford,* for appellant.
Robert Deaton, *pro se.*