### 66873. GASTON v. MULLINS.

BANKE, Judge.

The appellant contracted to sell his house to the appellee but refused to go through with the closing due, at least in part, to the fact that more "discount points" were sought from him at the closing than he had agreed to pay. The appellee sued to recover damages for breach of contract or, in the alternative, to obtain specific performance. At the trial of the case, however, he abandoned the claim for specific performance, apparently because he had already purchased another house and did not want two.

The appellee presented uncontroverted evidence that he had expended $950 for sewer improvements to the appellant's house prior to the closing in order to obtain financing for the purchase. The appellant acknowledged that he was indebted to the appellee for this expenditure and stated that he would have paid it had the appellee suggested a satisfactory payment plan to him before filing suit. At the close of the evidence, the trial judge directed a verdict for the appellee for $950 in actual damages. In addition, he awarded the appellee $1,500 in attorney fees, concluding as a matter of law that the appellant had been stubbornly litigious in refusing to pay an acknowledged debt. This appeal is directed solely to the award of attorney fees. *Held:*

1. Although there may have been no bona fide dispute as to the

existence of the $950 indebtedness, there was certainly a bona fide dispute as to the claim for specific performance, and accordingly it cannot be said that the appellant was stubbornly litigious in defending the suit. See generally OCGA § 13-6-11 (Code Ann. § 20-1404); *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, 686 (285 SE2d 58) (1981). Furthermore, even where a plaintiff is entitled to recover expenses of litigation pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404), the amount of the award is always a matter for jury determination. *Id.* at 687. The judgment is accordingly vacated, and the case is remanded with direction that the award of attorney fees be written off.

2. The appellee's motion for assessment of damages against the appellant for filing a frivolous appeal is necessarily denied.

*Judgment vacated and case remanded with direction. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 11, 1983.

*Grover C. Bailey,* for appellant.
*Marvin P. Nodvin,* for appellee.