## 67712. SUN v. LANGSTON.

BANKE, Judge.

Appellant Joseph C. Sun appeals an order dismissing his pro se suit against appellee David Langston for failure to state a claim.

Sun's complaint, as amended, alleged that Langston had provided legal representation for the defendant in a prior action which Sun had brought against an alleged "hit and run" driver in Gwinnett County. Count 1 asserted that Langston "by manipulation and fraud . . . made attempt to coverup the 'where-abouts' of [the defendant] in the Gwinnett suit." For this alleged injury, Sun sought damages of $2,000 to compensate him for unnecessary work he otherwise could have avoided. In Count 2, Sun complained that by engaging in "harassment and unethical method of litigation," Langston was stubbornly litigious and had caused him "great difficulty and constant anxiety" during the Gwinnett litigation. For this alleged injury, Sun sought $50,000 in general damages. Count 3 was based upon Langston's alleged malicious attempts to embarrass Sun, disturb his employer, and threaten his wife and children in effecting service of process, taking depositions, and carrying out other discovery procedures, which "manipulative approach" was alleged to constitute an abuse of civil process giving rise to damages of $1,000. In Count 4, Sun sought $50,000 in punitive damages for wounded feelings, as well as court costs and expenses of litigation.

Langston filed a timely answer and motion to dismiss. Sun then filed a "Motion for Order to Compel Defendant to Comply with Georgia Civil Practice Act," to which Langston filed a response, accompanied by a supplemental brief in support of his motion to dismiss. By order and judgment signed August 23 and entered August 25, 1983, the court denied Sun's motion, finding it was totally frivolous and filed in bad faith. In addition, the order granted Langston's, motion to dismiss for failure to state a claim and awarded him attorney fees of $500. *Held*:

1. Sun contends that he withdrew his motion to compel Langston to comply with the Civil Practice Act on August 23, 1983, when a letter to this effect was delivered to the trial judge's office, and that

the award of attorney fees to Langston based on this motion was therefore contrary to law. There is nothing in the record on appeal to show that the motion was in fact "withdrawn" by appropriate pleading filed with the court. In any event, since the award of attorney fees must be reversed for other reasons, stated infra, the issue is moot.

2. The trial court correctly granted Langston's motion to dismiss for failure to state a claim, as the allegations of the complaint did not support any civil cause of action recognized in this state. First of all, none of the alleged acts of "harassment" or "manipulation and fraud" complained of may be construed as giving rise to an invasion of privacy claim. Under Georgia case law, the concept of invasion of privacy encompasses four loosely related but distinct torts, as follows: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation for the defendant's advantage of the plaintiff's name and likeness. *Cabaniss v. Hipsley*, 114 Ga. App. 367, 370 (151 SE2d 496) (1966). In the instant suit no actionable physical intrusion into the appellant's private affairs, public disclosure of embarrassing private facts, false publicity, or appropriation of appellant's name was alleged. Cf. *Williams v. Church's Fried Chicken*, 158 Ga. App. 26, 31 (5) (279 SE2d 465) (1981).

Second, appellant's allegations did not amount to "the kind of egregious conduct necessary to state a claim for the intentional infliction of emotional distress." *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202, 205 (2) (293 SE2d 383) (1982). "[I]n those cases where recovery has been authorized for intentional infliction of emotional distress, the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff. [Cits.] The behavior attributed to the appellant in this case cannot reasonably be characterized as humiliating, insulting or terrifying, being confined, as it was, to the preparation and filing of legal pleadings. [Cit.]" *Georgia Power Co. v. Johnson*, 155 Ga. App. 862, 863 (2) (274 SE2d 17) (1980).

Third, it is quite clear that there was no claim for either malicious use or abuse of process here. Sun was the *plaintiff* in the Gwinnett County suit, and these causes of action lie in a showing by the *defendant* in a previous suit that he suffered some special damage by reason of the serving out of process, or that the plaintiff in a civil proceeding wilfully misapplied process in order to obtain an objective it was not intended by law to achieve. See, e.g., *Osburn v. Norris*, 165 Ga. App. 118 (299 SE2d 170) (1983); *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202 (3), supra.

Finally, appellant was not entitled to recover damages on the ground that Langston had been "stubbornly litigious" in representing

the defendants in the Gwinnett County suit or that he had caused appellant and his family "great difficulty" and "constant anxiety" during that period. Appellant alleged neither the breach of any duty owed to him by Langston nor any damage proximately caused thereby. Certainly, having brought the Gwinnett suit himself, appellant was not entitled to attorney fees or special damages for "unnecessary work" on his part. See generally as to such damages, *Hamilton v. Powell, Goldstein, &c.*, 167 Ga. App. 411 (2) (306 SE2d 340) (1983); *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227) (1983). Since the appellant pled no facts which would suggest the existence of a valid cause of action, his complaint was properly dismissed for failure to state a claim upon which relief could be granted.

3. The award of attorney fees to appellee Langston was nevertheless unauthorized and must be stricken. While it has been expressly declared by this court in *Ryle v. Sliz*, 162 Ga. App. 868 (2) (293 SE2d 451) (1982), that a claim under OCGA § 13-6-11 for expenses of litigation due to the stubborn litigiousness or bad faith of the plaintiff is available to a defendant in a proper case, "[i]n causes of action arising ex delicto, damages including attorney fees can only be awarded by a jury." *McCarthy v. Holloway*, 245 Ga. 710, 711 (267 SE2d 4) (1980), aff'g *Holloway v. McCarthy*, 151 Ga. App. 828 (2) (261 SE2d 732) (1979). Moreover, such damages must be proved by "evidence of the actual costs of the attorney and the reasonableness of those costs," which Langston concedes was not done. See *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 686 (285 SE2d 58) (1981). See also *Gaston v. Mullins*, 168 Ga. App. 371 (309 SE2d 166) (1983). Accordingly, that part of the judgment awarding attorney fees as damages to the appellee is hereby vacated.

*Judgment affirmed in part and vacated in part. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 1, 1984.

Joseph C. Sun, *pro se.*
James C. Morton, Jeffrey M. Smith, Kathleen Fischer, for appellee.