## 73826. BURBRIDGE v. THE STATE.
### (357 SE2d 279)

SOGNIER, Judge.
Appellant was convicted of giving a false name to a police officer and he appeals.

1. Appellant contends the trial court erred by denying his motion for a new trial based on the general grounds. However, there is no transcript of trial and in the absence of a transcript, we cannot consider an enumeration of error based on the evidence or proceedings at trial. *Brown v. State*, 223 Ga. 540, 541 (2) (156 SE2d 454) (1967); *Tauber v. State*, 168 Ga. App. 53 (308 SE2d 419) (1983).

2. Appellant contends the trial court erred by refusing to hear evidence at the hearing on his motion for a new trial in connection with an alleged violation of appellant's right not to incriminate himself and denial of his right to effective assistance of counsel. Appellant's motion for a new trial and the amendments thereto make no allegation of ineffective assistance of counsel, nor was this issue raised at the hearing on appellant's motion. This court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga.

App. 361, 362 (4) (326 SE2d 525) (1985).

In regard to the alleged violation of appellant's right against self-incrimination, appellant contends he was not warned of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) before he was asked to produce identification. *Miranda* warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory, *Collins v. State*, 154 Ga. App. 651, 653 (3) (269 SE2d 509) (1980), as was the case here. Appellant also argues that there was no proof that the deputy sheriff who stopped him at the airport was a certified law enforcement officer or deputy sheriff. These are issues which should have been raised at trial, and to hold an evidentiary hearing on such issues at a hearing on a motion for a new trial would be, in effect, a retrial of appellant's case. There is nothing to indicate that any evidence on such issues was newly discovered or was not available prior to appellant's trial. Further, as stated in Division 1, in the absence of a transcript enabling us to determine whether objections were made to the testimony of State witnesses on these issues, or what rulings, if any, were made by the trial court, we cannot consider an enumeration of error based on evidence or proceedings at trial. *Brown, Tauber*, supra. See also *Maroney v. State*, 173 Ga. App. 434 (327 SE2d 231) (1985).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 28, 1987 —
REHEARING DENIED MAY 15, 1987 — 

*Frank B. Hester*, for appellant.
*John C. Carbo III, Solicitor*, for appellee.