### 74687. BRUNSWICK FLOORS, INC. v. SHUMAN et al.
(364 SE2d 96)

BANKE, Presiding Judge.

The appellees, Iona and Gordon Shuman, contracted with the appellant, Brunswick Floors, Inc., for the installation of new carpet in their home, paying the appellant $1,500 down on a total contract price of $4,029. After the installation had begun, the appellees expressed dissatisfaction with the way the work was being performed and instructed the appellant to stop work pending an acceptable resolution of the dispute. Two days later, the appellant returned to the appellees' home and completed the installation; however, the appellees continued to be disappointed with the appearance of the carpet and refused to pay the balance due on the contract. The appellant filed the present action to recover that balance. The appellees responded with a counterclaim seeking $100,000 in actual damages, $100,000 in punitive damages, and an unspecified amount of attorney fees, based on the appellant's alleged misconduct in the transaction and the alleged defects in the installation work. The trial court di-

rected a verdict in favor of the appellant with respect to the punitive damages claim; and a jury subsequently awarded the appellees $6,000 on the remainder of their counterclaim, while awarding the appellant nothing on the main claim. This appeal followed. *Held*:

1. The appellant contends that the trial court erred in submitting the issue of attorney fees to the jury. An award of attorney fees as expenses of litigation will be upheld where there is any evidence to support a finding that the party from whom the fees are sought was stubbornly litigious, caused the prevailing party unnecessary trouble or expense, or acted in bad faith. See OCGA § 13-6-11; *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980); *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432, 436 (301 SE2d 493) (1983); *Thibadeau Co. v. McMillan*, 132 Ga. App. 842 (209 SE2d 236) (1974). Pretermitting whether there was any evidence of such conduct on the part of the appellant in this case, there clearly was no evidence from which the jury could have assessed the *amount* of attorney fees incurred by the appellees as expenses of this litigation. While the appellees did present opinion testimony from a practicing attorney to the effect that a reasonable attorney fee for the work done in the case would be "probably between four and five thousand dollars," the law requires evidence of "the actual costs of the attorney" as well as evidence of the reasonableness of those costs. *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 686 (285 SE2d 158) (1981); *Sun v. Langston*, 170 Ga. App. 60, 62 (3) (316 SE2d 172) (1984). This is not to say that the fee must actually have been *paid* prior to trial; however, it would be incongruous to interpret OCGA § 13-6-11 as authorizing a claimant to recover, as "expenses of litigation," more attorney fees than he had actually incurred in connection with the litigation.

As no evidence whatever was introduced at trial from which the jury could have determined the amount of attorney fees actually incurred by the appellees in connection with this litigation, and as it appears from the transcript that the appellant's counsel specifically argued in support of his motion for directed verdict that "[t]here must also be evidence produced to guide the jury in determining the amount of damages to be awarded as attorney fees," we conclude that the trial court erred in denying the appellant's motion for directed verdict with respect to the claim for attorney fees.

2. The appellant contends that the trial court erred in allowing a real estate broker called by the appellees to testify as an expert on the issue of the alleged diminution in the value of their home caused by the faulty carpet installation. Generally speaking, the question of whether a witness is qualified to testify as an expert is addressed to the discretion of the trial court, *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 712 (255 SE2d 80) (1976), the exercise of which will not be disturbed unless it has been manifestly abused.

*Benson v. Tucker*, 160 Ga. App. 217, 218 (286 SE2d 485) (1981). The witness at issue was a licensed real estate broker who was actively engaged in buying and selling real estate, as well as in the performance of real estate appraisal work. Clearly, the trial court did not manifestly abuse its discretion by allowing this witness to testify as an expert. We do not reach the appellant's additional contention on appeal that this witness's opinion was speculative and without probative value because that issue was never properly raised before the trial judge by motion to strike, motion for directed verdict, or otherwise. Cf. *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468, 469 (287 SE2d 257) (1981).

3. The appellees' motion for an assessment of damages against the appellant for filing a frivolous appeal is necessarily denied.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., and Benham, J., concur. Sognier, J., concurs in judgment only. Deen, P. J., Carley, Pope, and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

I must respectfully dissent from Division 1 of the majority's opinion wherein it holds that, in order for a recovery of attorney's fees to be authorized, there must be "evidence of 'the actual costs of the attorney' as well as evidence of the reasonableness of those costs. *Brannon Enterprises [, Inc.] v. Deaton*, 159 Ga. App. 685, 686 (285 SE2d 158) (1981); *Sun v. Langston*, 170 Ga. App. 60, 62 (3) (316 SE2d 172) (1984)." (p. 363) There is no doubt that evidence of the amount of "the actual costs of the attorney," coupled with evidence that such amount was reasonable, will *authorize* a recovery of attorney's fees. I cannot, however, agree with the majority that this is the only way in which a plaintiff can meet his evidentiary burden and that a recovery of attorney's fees is dependent upon his production of evidence of "the actual costs of the attorney" and of the reasonableness thereof. Accordingly, I must respectfully dissent.

Neither of the two cases cited by the majority supports its holding in Division 1. It has long been the law of this State that a plaintiff cannot rely merely upon proof of the amount of actual costs incurred as attorney's fees as evidentiary support for an award under OCGA § 13-6-11. See *Allen v. Harris*, 113 Ga. 107, 108 (4) (38 SE 322) (1901). "The plaintiff, by merely paying a given amount to his attorney, could not bind the defendants for this amount unless there were some evidence that the amount so paid was reasonable, and unless it was found so to be by the jury trying the case." *Patterson & Co. v. Peterson*, 15 Ga. App. 680, 684 (4) (84 SE 163) (1914). *Brannon Enterprises v. Deaton*, supra, and *Sun v. Langston*, supra, are merely two decisions from a long line of cases holding that proof of actual costs unaccompanied by proof of the reasonableness thereof is not a suffi-

cient evidentiary basis for a recovery of attorney's fees. Neither case supports the majority's proposition that proof of actual costs and the reasonableness thereof is the *only* evidentiary foundation which will support a recovery of attorney's fees.

There is *no* authority to support the majority's holding in Division 1. The existing authority is to the contrary. The law recognizes that there is no requirement for the plaintiff to have "paid the attorney it was necessary for him to employ. In the absence of any agreement as to the amount of the fee, the attorney is entitled to compensation quantum meruit. The plaintiff's right to recover would not be defeated by reason of the fact that he had not paid his counsel fees at the time of the trial, where evidence was introduced as to the value of the services rendered, which authorized the amount returned by the jury in its verdict." *O'Neal v. Spivey*, 167 Ga. 176, 177 (3) (145 SE 71) (1928). Thus, assuming that attorney's fees are otherwise shown to be recoverable in a case, the plaintiff therein cannot recover an amount greater than the evidence shows that he is legally obligated to pay his attorney. He can, however, recover so much of that amount as is shown to be reasonable and regardless of whether it has actually been paid. If plaintiff's evidence shows an express contract with his counsel for a definite amount of attorney's fees, he will be entitled to recover that amount to the extent that the contract price is otherwise shown to be reasonable. See *Allen v. Harris*, supra; *Patterson & Co. v. Peterson*, supra; *Brannon Enterprises v. Deaton*, supra; *Sun v. Langston*, supra. If, on the other hand, the plaintiff's evidence does not show an express contract for a definite amount of attorney's fees, he will be entitled to recover the reasonable value of his attorney's services and, in such a case, testimony "as to what would be *a* reasonable fee under the circumstances" is relevant and admissible evidence. (Emphasis supplied.) *Mutual Life Ins. Co. v. Chambliss*, 131 Ga. 60, 63 (3) (61 SE 1034) (1908). See also *Bankers Health &c. Ins. Co. v. Plumer*, 67 Ga. App. 720, 727 (2) (21 SE2d 515) (1942); *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394 (224 SE2d 76) (1976).

If the majority were correct, no case would authorize the introduction, as evidence which is relevant and admissible to a recovery of attorney's fees, such testimony as relates to *a* reasonable fee under the circumstances. The cases would limit the introduction of testimony to the issue of whether *the* actual fee was reasonable and would bar a recovery of attorney's fees where no actual fee had been proved. The cases, of course, recognize that attorney's fees are recoverable even where there is *no* actual agreement as to attorney's fees. See *O'Neal v. Spivey*, supra; *Mutual Life Ins. Co. v. Chambliss*, supra; *Bankers Health &c. Ins. Co. v. Plumer*, supra; *Altamaha Convalescent Center v. Godwin*, supra. There being nothing to indicate that this case is not of the latter type and should not have been tried as

such, I would hold that the expert opinion testimony in this case as to a reasonable attorney's fee authorized the jury to make its award, notwithstanding the absence of any evidence as to whether actual costs had been incurred by appellees. Because there was sufficient evidence to authorize the jury to find that appellees were entitled to a recovery of attorney's fees under OCGA § 13-6-11, I must dissent from the majority's reversal of the judgment in favor of appellees.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent.

BEASLEY, Judge, dissenting.

I respectfully dissent because both the majority and the responding dissent address an issue in Division 1 which is not properly before us. Thus a gratuitous ruling is made.

Appellant's enumeration of error is that "the trial court erred on the issue of submitting attorney's fees for the appellees to the jury." Neither in its motion for directed verdict on attorney fees, nor even in its motion for judgment notwithstanding the verdict, did counter-defendant raise the issue of whether or not there was sufficient competent evidence of the *amount* of attorney fees for that element of damages to be submitted to the jury. Moreover, it expressly stated that it had no exceptions to the jury charge, which included instructions on attorney fees, and it agreed that the verdict form did not need a separate space for this element of damages because it could be included in the lump sum, if there were to be any. The first time the question emerges is in appellant's brief, midway through its argument on the first enumeration of error. Thus the trial court cannot be faulted for failing to consider and rule insufficient the evidence of the *amount* of attorney fees presented by counter-claimant.

It is true that counter-defendant objected to the jury's being permitted to consider that element of damages. However, the primary ground of the objection was that there was no evidence of bad faith, stubborn litigiousness, or unnecessary trouble and expense. In other words, he challenged the sufficiency of evidence on the underlying or substantive basis for attorney fees, not the sufficiency of evidence for non-speculative computation of the resulting damages. He also raised another ground, that a counter-claimant cannot recover attorney fees, but that is not pursued here.

The quotation in the majority opinion is an excerpt of a long quotation which counsel asked to read into the record in support of the already-argued ground that there was no evidence of one of the three statutory bases for attorney fees. It comes from Cobb & Eldridge, Ga. Law of Damages (1st ed.), § 9.1. He had already cited the treatise section for the position earlier advanced, and this recitation of a portion of the section as authority for it did not constitute the

raising of another ground, just because reading the general quotation unbroken made mention of a principle of law not asserted as having been unmet.

The point is that the ground ruled on in Division 1 was not raised or ruled on by the trial court, because no issue was made of it. Consequently there was no ruling on the question and there is nothing for us to review in this regard. *Haldi v. DeKalb County Bd. of Tax Assessors*, 178 Ga. App. 521, 526 (4) (344 SE2d 236) (1986); *Burbridge v. State*, 182 Ga. App. 864 (2) (357 SE2d 279) (1987).

That precludes consideration of it. As stated succinctly in *Kingston v. State*, 127 Ga. App. 660, 661 (2) (194 SE2d 675) (1972); "Grounds which may be considered on appeal are limited to those which were urged before the trial court." In reviewing the scope of our function in *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (275 SE2d 142) (1980), the Court summarized: "[W]e will review and correct only such error as was made by the trial court, and only on the specific basis on which it was presented to the trial judge." See also *Proffitt v. State*, 181 Ga. App. 564, 566 (2) (353 SE2d 61) (1987).

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 17, 1987 —

*John T. McKnight, Jr.*, for appellant.
*Richard D. Phillips, O. Dale Jenkins*, for appellees.