### 19723. NORTON *v.* NORTON.

DUCKWORTH, Chief Justice. 1. Grounds of a motion for new trial which are disapproved by the trial judge can not be considered by this court. Code § 70-301; *Gunnells* v. *State*, 199 *Ga.* 486 (34 S. E. 2d 654); *Lightfoot* v. *Applewhite*, 212 *Ga.* 136 (91 S. E. 2d 37). Therefore, special grounds 2 and 3 of the amended motion for new trial, which are expressly disapproved by the lower court, can not be considered here.

2. Special ground 1 of the amended motion excepts to the allowance of evidence of interference by the husband with the wife

in keeping a home for herself and their child since the separation. The complaint is that this evidence should not have been considered, since it occurred subsequently to the separation and not prior thereto, and there were no allegations in the petition as to subsequent treatment. The general rule is that evidence shall be relevant and material to the issues involved and in conformity with the pleadings. Code § 38-201. In *Pepper* v. *Pepper*, 169 *Ga.* 832 (5) (152 S. E. 103), in a similar suit alleging cruel treatment, the wife was allowed to testify that the husband had not paid temporary alimony and attorney's fees as ordered. See also *Moss* v. *Moss*, 147 *Ga.* 311 (4) (93 S. E. 875). In *Williams* v. *Williams*, 181 *Ga.* 493 (182 S. E. 904), where the cause of separation between the husband and wife was his improper relations with other women, several letters of an intimate and affectionate nature, found by the wife in her husband's pockets and written after the separation, were allowed in evidence because they tended to corroborate the plaintiff's contentions as to the cause of the separation. The evidence here of cruel treatment of the husband in interfering with the wife's keeping a proper home for herself and their child since their separation was relevant and material to the issues, and there is no merit in this ground.

3. Special ground 4 excepts to a charge of the court, whereby the judge instructed the jury that he was having the sheriff get him a sheet of white legal-size blank paper and for the jury to take it with them into the jury room to assist them in reaching a verdict, because of the limited space for them to write their findings "to be inserted in the blank space." An approved charge of the court is not in this record, and we can not ascertain what blank space the trial judge is referring to. The basis of the complaint is that the court thus "suggested to them that a property judgment was expected" and to find in favor of the plaintiff. Being unable to examine the entire charge, and otherwise finding no harm in the judge's placing a blank sheet of legal-size paper at the disposal of the jury to assist them in writing out their verdict—this ground is without merit.

4. Special ground 5 contends that the court erred in expressing an opinion in the presence of the jury in violation of Code § 81-1104. The trial judge in a colloquy with counsel, apparently in ruling on evidence, expressed an opinion that the

plaintiff's conduct was immaterial since it took place after the separation, and that, when a man and woman separate, what they do after the separation is immaterial. The Code section above refers to opinions of the court as to what has or has not been proved by the evidence and not to a ruling on the materiality of evidence. In considering special ground 1 above, the court allowed evidence of conduct of the defendant since the separation, and his opinion here as to the materiality of the plaintiff's conduct since the separation is seemingly inconsistent with the allowance of the evidence as to the defendant's conduct. However, the complaint here is not to a ruling on evidence, and the ground does not show what this evidence would have been, in order to determine if it was relevant and material to the issues involved. Hence this ground is without merit.

5. Counsel for the plaintiff in error argues that the amount of the alimony awarded is excessive, and that the evidence therefore does not support the verdict. The evidence is sufficient to support the verdict including the award of alimony. There is conflicting evidence as to the income of the husband, and the wife also claimed an interest in the real property awarded to her. Hence it cannot be said that the award of $57.50 per week for the plaintiff and her child, and the equity in the house is excessive. For the reasons stated, the motion for new trial as amended is without merit, and the court did not err in denying the same.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 16, 1957—DECIDED JUNE 11, 1957—REHEARING DENIED JULY 3, 1957.

*Walters & Roberts, Albert A. Roberts, Scott Walters,* for plaintiff in error.

*Dan Copland, Harris & Gower,* contra.