### 35898. KEN-MAR CONSTRUCTION COMPANY, INC. v. BOWEN et al.

NICHOLS, Justice.

Certiorari was granted to determine whether or not the correct standard for appellate review was utilized by the Court of Appeals in Division 4 of its opinion in *Bowen v. Ken-Mar Const. Co.,* 152 Ga. App. 568, 571 (1979), in deciding the issue of whether or not attorney fees were recoverable under Code Ann. § 20-1404.

The question is one of whether or not the standard of review adopted by this court in *Colonial Life & Acc. Ins. Co. v. McClain,* 243 Ga. 263 (254 SE2d 380) (1979), respecting recoveries under Code Ann. § 56-1206 for bad faith refusals to pay insurance claims, should have been used by the Court of Appeals in reviewing an award of attorney fees made pursuant to Code Ann. § 20-1404. This court concludes that identical policy considerations dictate identical standards for review. Accordingly, this court disapproves a rule for appellate review of awards made pursuant to Code Ann. § 20-1404 which has the effect of denying the award "if the evidence would have supported a verdict in accordance with the contentions of the defendant. This is an 'any evidence' rule being used to

reverse a judgment. Such a rule virtually precludes a finding . . . [under the provision] and allows unreasonable defenses to delay payment with impunity. The proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense . . ." 243 Ga. at 265.

The Court of Appeals approached appellate review of the attorney fees issue in terms of what the appellants (defendants in the trial court) maintained, which has the appearance of being a rule that would deny attorney fees "if the evidence would have supported a verdict in accordance with the contentions of the defendant." 243 Ga. at 264. This court reverses so the Court of Appeals may utilize the proper standard of review.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

ARGUED MARCH 10, 1980 — DECIDED APRIL 23, 1980.

*C. Lloyd Clay,* for appellant.
*John P. Cross,* for appellees.