61915, 61916. BARRY v. J. C. PENNEY COMPANY, INC.
(two cases).

BIRDSONG, Judge.
Slip and fall. Mrs. Eva Barry made an appointment to obtain a permanent wave (at a sale price) from J. C. Penney beauty shop. Because the sale had expired before Mrs. Barry could keep the appointment, she made arrangements to come to the Penney's beauty shop before usual store hours on the Monday morning following the end of the sale price on Friday. The hairdresser had arrived at the shop around 7:30 a.m. to get ready for the early appointment. When she arrived she observed that the tile floor,

which ordinarily was somewhat more slippery than the general floor of the store, had been mopped. This made the floor even more shiny in appearance and somewhat more slippery than usual. The janitor had come to the beauty shop between 7:00 and 8:00 a.m. to dust, mop, and clean up hair. He noted a dried spill of coffee amounting in size to no more than several inches. He wet mopped the spot, expanding the mopped area about a foot and a half. He did not put a caution sign at so small an area because he did not have enough signs to mark more than the large areas and did not expect any passers-by so early in the morning. Though disputed, he testified that he left the bucket with the mop in it close by the mopped area while he was in the back of the shop picking up trash and hair. At about 8:30 a. m. Mrs. Barry arrived at the store. She was perhaps a minute or two late and was hurrying, though she normally hurried everywhere she went. She had been to the beauty shop on several occasions and was aware that the tile floor was different in appearance and texture than the rest of the floor in the store. She was aware that it was more slippery. She also was aware that she was present in the store before its usual opening, was the only customer on the floor, and that it was a general business practice for cleaning efforts to be conducted both before and after the store closed. She did not look at the floor or its condition nor see a mop or bucket. Suddenly, while striding across the floor of the beauty shop, she lost her footing and fell hard on her derriere, sustaining certain injuries.

Mrs. Barry brought suit against J. C. Penney for her injuries in the amount of $150,000 contending that she was injured by its negligence in mopping the floor without posting any notice. Mr. Barry brought a companion suit in the amount of $10,000 seeking recovery for medical expenses and lost consortium. Penney denied any negligence on its part and in any event that Mrs. Barry's negligence was equal to or exceeded any negligence on the part of Penney. Following a four-day jury trial and complete and comprehensive instructions on applicable principles of negligence and contributory negligence, the jury returned a verdict for Penney. Mr. and Mrs. Barry bring their appeals enumerating as error the denial of their motion for a new trial based upon the general grounds, and reiterating those same grounds on their appeals. *Held:*

This is an "any evidence" case. We cannot tell from the verdict of the jury whether it based its decision on the lack of negligence on the part of Penney or on a finding that Mrs. Barry was guilty of equal or greater negligence than that that might have been found on the part of Penney. In any event we find ample evidence to support the verdict of the jury, even though we, assuming such authority, might have found equally as well for Mrs. Barry. We are bound, and

properly so, by the rule that in the absence of legal error, an appellate court is without jurisdiction or authority to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271) and cits. There being no legal error brought to our attention and our reading of the record having disclosed none, we will affirm the verdict and judgment. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided September 17, 1981.

*Spencer J. Krupp,* for appellants.
*David M. Holiday, Alfred B. Adams III,* for appellee.