## 37774. FULLER et al. v. MOISTER et al.

GREGORY, Justice.

Frank Fuller was the County Administrator and Ex-officio County Guardian of Fulton County and in that capacity was appointed guardian or estate administrator of the nine estates involved in this litigation. Commercial Union Insurance Company was his surety.[1] Losses from the estates were discovered and Fuller was removed from office and replaced by Moister. It is not disputed that the losses resulted from at least eighty-one unauthorized withdrawals from various bank accounts into which funds from the estates had been deposited by Fuller as fiduciary, and that Fuller's former secretary had made the unauthorized withdrawals over an 18-month period by forging Fuller's signature on the withdrawal documents.

Moister commenced this action against Fuller and his sureties seeking an accounting of the lost funds. Afterwards, Moister moved for summary judgment, which the trial court granted, ruling that Fuller had forfeited his commissions for the years he failed to make the required annual returns[2] and that Fuller and Commercial Union were liable for the stolen estate funds, on the basis of Fuller's negligence.

We affirmed the trial court's decision as to liability but remanded for a recalculation of the amounts due. *Fuller v. Moister,* 246 Ga. 397 (271 SE2d 622) (1980). On remand, after an evidentiary hearing, the trial court reduced the monetary amount of the judgment to the sum claimed as accurate by Commercial Union, awarded to Moister a portion of sums paid into court by Fuller's former secretary as a condition of her probation, and awarded attorney fees and expenses of litigation to Moister under the provisions of Code Ann. § 20-1404. Fuller and Commercial Union appeal from the award of attorney fees and expenses of litigation.

Code Ann. § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The trial court's order states: "Upon consideration of the testimony and the entire record, this Court finds that while the

---

[1] Two other sureties whose bonds covered Fuller as to another estate are not involved in this appeal.

[2] See Code Ann. §§ 113-2006 and 49-231.

defendants were stubbornly litigious in originally denying liability on a clear obligation, thus causing the plaintiff unnecessary trouble and expense in establishing that liability, subsequent efforts of counsel were devoted to resolving a bona fide controversy as to amount of liability. As we cannot say that the defendants were stubbornly litigious in refusing to pay the specific sums asked by the plaintiff after determination of liability, we hold that counsel may recover under Code Ann. § 20-1404 only that portion of his fees which we find are allocable to his efforts to establish liability."

In *Ken-Mar Const. Co. v. Bowen,* 245 Ga. 676 (266 SE2d 796) (1980), we held that an award of attorney fees made pursuant to Code Ann. § 20-1404 "should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense . . ." Id. at 677, citing *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979). Since there is evidence to support the award the only question is whether or not as a matter of law appellants had a reasonable defense. See *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 525 (191 SE2d 317) (1972): "A defendant without a defense may still gamble on a person's willingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing. We do not believe the trial courts will find any difficulty in determining whether a genuine dispute exists — whether of law or fact, or liability or amount of damages, or on any comparable issue. Where none is found, it may authorize [an award of] the expenses of litigation."

The trial court's award of attorney fees and expenses of litigation included only those expenses incurred during the establishment of liability. Neither the trial court nor this court had any difficulty in finding Fuller and Commercial Union liable as a matter of law.

Appellants' defense was that since Fuller had placed the funds into solvent legal depositories, appellants were as a matter of law insulated from liability for the losses. We do not find this to be a reasonable defense within the meaning of *Bowen,* supra. The undisputed facts showed that Fuller, the fiduciary entrusted with the administration of the estates, failed to make the annual accountings required by law and negligently allowed over $40,000 to be stolen from the estates by at least 81 separate withdrawals over an 18-month period. As we said previously, absent any explanation by Fuller,[3] "the evidence of negligence here is plain and undisputable." *Fuller v. Moister,* supra, at 399. Just because a factually identical case cannot

---

[3] Responses of the depositories in opposition to appellants' motion for summary judgment against them perhaps explain why Fuller offered no explanation for his

be found does not make this case one of first impression or mean that as a matter of law appellants had a reasonable defense.

The trial court did not err in awarding attorney fees and expenses of litigation.

*Judgment affirmed. Hill, P. J., Marshall and Clarke, JJ., concur. Jordan, C. J., concurs in the judgment only. Smith, J., not participating.*

DECIDED OCTOBER 8, 1981.

*Heyman & Sizemore, William H. Major, Hicks, Maloof & Campbell, Robert A. Barlett,* for appellants.
*Frank Fuller,* pro se.
*Roger W. Moister, Jr.,* for appellees.

---

neglect: They contend that Fuller had given the secretary the responsibility for handling the accounts, keeping the passbooks, reviewing the monthly statements and preparing the annual accountings. The secretary became concerned about the financial difficulty Fuller was experiencing and began using estate funds to pay office expenses, to make personal loans to Fuller, and to pay her own salary, all of which escaped Fuller's notice.