## 65045. JACKSON v. BRINEGAR, INC.

McMurray, Presiding Judge.

Ray Brinegar is in the activity of building houses in the Columbus, Georgia area. As a builder he created the corporation of Brinegar, Inc., of which he is the president and the sole owner, that is, he is the sole stockholder. In February or March of 1978, James R. Jackson contacted Brinegar with reference to the construction of a dwelling house. After considerable negotiations between them a contract was entered between "Ray Brinegar, Jr., Builder" and Mr. and Mrs. James Jackson for the construction of a dwelling on property of the Jacksons for $84,198. This contract was written upon the letterhead of Ray Brinegar, Jr., Builder, Brinegar, Inc. It provided that the specified lot owned by the Jacksons valued at $16,950 must be deeded to a lending institution as a preclosed loan for the amount of $67,248 to be obtained by Mr. and Mrs. Jackson; and construction draws, as designated by the lending institution, are to be available to Mr. Brinegar during the construction period with the contract balance to be paid upon completion of the home. The contract further provided that the home was to be built in a good "workmanship" manner according to attached specifications and plans (furnished by Jackson). This instrument was signed by James R. Jackson and Ray Brinegar, Jr. After construction began Jackson and Brinegar agreed to certain extras, including a basement. There was also a transaction relating to payment of the balance due a bank for the lot already owned by Jackson upon which the house was built, although the parties disagree as to whether this balance paid to the bank to clear the lot of any lien was included in the price of the house or owed to Brinegar in addition to the other sums. However, on May 8, 1978, Jackson gave Brinegar a handwritten note evidencing the transaction; that is, that he owed Brinegar $11,151.89 which Brinegar had paid to the bank and this amount would be paid back at final closing approximately the first of October 1978.

Ray Brinegar, Jr. contends that Brinegar, Inc., the corporation, constructed the house for Jackson who then moved in the house but refused to pay the balance due. Whereupon, Brinegar, Inc. sued Jackson based upon the contract as shown above that plaintiff completed construction of the dwelling house which was occupied and accepted by the defendant and that the defendant is indebted to

the plaintiff on the original contract in the sum of $10,849.89. Plaintiff also contends there were extra items furnished, which were not included in the plans and specifications, in the sum of $2,946.76 although there were credits due ($208.24). The plaintiff set forth therein that subsequent to the execution of the contract, it entered into an oral contract with defendant to complete a basement for $6,992, not included in the original contract but which represents an additional contract between plaintiff and defendant for which plaintiff has not been paid. Plaintiff also contended it was entitled to interest in the sum of $949.57. Plaintiff sought judgment for $21,529.98.

The defendant answered, in substance, admitting the contract shown above entered on May 5, 1978, between the parties but that subsequent to moving into the house, which was constructed in partial compliance with the contract, numerous defects in the premises were discovered. Plaintiff's agents for a substantial length of time attempted partial repairs of an improper and unsatisfactory nature but that same was not in keeping with the reasonable standards of construction used in the community, and without completing the correction of the defects, plaintiff ceased to work on the premises or to communicate with the defendant further in any manner. Further, plaintiff's complaint is barred by laches; accord and satisfaction; compromise and settlement; full payment of sums due as set forth in the contract, and defendant is entitled to a set off by reason of the improper construction, poor workmanship and the failure of the plaintiff to rectify the conditions in the home built to an amount in excess of the sum claimed by plaintiff. Defendant admits only jurisdiction, but otherwise denies the claims of the plaintiff. Later, defendant filed an amendment to his answer, striking his sixth defense with reference to the averment in his answer that defendant had paid the plaintiff the sum set out in the contract.

Plaintiff Brinegar, Inc. then amended its suit and recast the entire complaint in three counts. Count 1 was virtually the same as the original complaint. Count 2 was in quantum meruit, that is, the reasonable value of its labor and materials for the same amount shown above. Count 3 contends the defendant had been stubbornly litigious, had acted in bad faith causing the plaintiff to hire an attorney and file suit necessitating additional cost, expenses of litigation and attorney fees for which it sought the sum of $7,500. Defendant then answered the amended and recast complaint, in substance denying the claim and again added all of the above defenses, with the exception of his sixth defense in his original answer, claiming a set off in excess of the amount claimed.

The case proceeded to trial in which the jury returned a verdict

in favor of the plaintiff Brinegar, Inc. in the amount of $15,632.92, $3,282.91 interest and $2,800 in attorney fees. The judgment followed the verdict in which Brinegar, Inc. was awarded the above or the sum total of $21,715.83.

Defendant's motion for new trial was filed, amended and after a hearing, denied. Defendant appeals. *Held:*

1. In the case sub judice, the plaintiff in substance cast its petition in two counts, one on express contract and the other on quantum meruit (Counts 1 and 2). See *Orkin Exterminating Co. v. Dauer,* 146 Ga. App. 61, 62 (2) (245 SE2d 320); *Mitchell & Pickering v. Louis Isaacson, Inc.,* 139 Ga. App. 733, 737 (3) (229 SE2d 535). Defendant argues his first five enumerations of error with reference to the sufficiency of the evidence as raised in his motion for new trial in that the trial court erred in admitting parol evidence to prove that the plaintiff (Brinegar, Inc.) was actually the proper party to the contract, and thus the proper plaintiff, and that the verdict was illegal because the evidence shows only a debt between the individual, Ray Brinegar, Jr., and the defendant and not a debt between the corporate plaintiff, Brinegar, Inc., and the defendant. Defendant argues that the contract as written was partly printed, partly typed and partly written. The printed part shows the letterhead as Ray Brinegar, Jr., Builder, Brinegar, Inc., whereas the typewritten part contains the substance of the contract showing a contract for construction with Brinegar, individually, and at the same time, the written portion shows same was signed by Ray Brinegar, Jr.; hence, the printed statement in the letterhead did not form an integral part of the contract at all and could not override or modify the distinct terms of the contract with which it conflicts, citing *Augusta Factory v. Mente & Co.,* 132 Ga. 503, 508 (64 SE 553); *Batson-Cook Co. v. Poteat,* 147 Ga. App. 506 (249 SE2d 319); *Shackelford v. Fitzgerald,* 151 Ga. 35, 39 (105 SE 597); and *Surles v. Milikin,* 97 Ga. 485, 486 (25 SE 322). He further argues that the court should not rewrite the contract, but uphold the contract as written, the same being unambiguous with reference to the agreement of the parties, citing *Carr v. Louisville &c. R. Co.,* 141 Ga. 219, 221 (80 SE 716); *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 23 (178 SE2d 890); *Southern Oxygen Supply Co. v. de Golian,* 230 Ga. 405, 406-407 (197 SE2d 374); and *Brega v. CSRA Realty Co.,* 223 Ga. 724 (157 SE2d 738). He argues at great length that the evidence shows that the contract was performed by Ray Brinegar, Jr. and not by Brinegar, Inc. We note here that the invoices for the purchases of supplies were sometimes in the name of Ray Brinegar, sometimes in the name of Brinegar, Inc., and sometimes Ray Brinegar, Jr., Builder. Nevertheless, while the evidence was in conflict, based upon two

counts involving both written and oral agreements with reference to the labor and materials, the grant or denial of a new trial based upon sufficiency of the evidence is largely left to the trial court's discretion particularly where there is evidence authorizing the verdict. See *Yalanzon v. Gilbert,* 143 Ga. App. 131 (237 SE2d 660); *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773, 774 (3) (175 SE2d 65); *Neloms v. Carmichael,* 125 Ga. App. 331 (1) (187 SE2d 555); *Fite v. McEntyre,* 77 Ga. App. 585, 598 (7) (49 SE2d 159). We note that in the answer the defendant referred to the contract entered "on May 5, 1978, between the parties" and that plaintiff's agents attempted repairs on the property. These averments appear to be admissions against interest with reference to a contract with the corporation. While defendant struck his sixth defense and in recasting his answer reworded his third defense with reference to the above admissions, nevertheless, the jury could consider same, albeit defendant contends he at all times dealt with Ray Brinegar, Jr., having withdrawn this admission. See *Venable v. Block,* 138 Ga. App. 215, 216 (1) (225 SE2d 755); *Grigsby v. Fleming,* 96 Ga. App. 664, 665 (1) (101 SE2d 217). In any event it appears to be a fact question for the jury to decide as to the identity of the parties to the contract. See *Byrd v. Brand,* 140 Ga. App. 135, 136 (230 SE2d 113); *Pharr Road Invest. Co. v. Sasser & Co.,* 133 Ga. App. 772, 774 (1) (212 SE2d 857). Nor should the defendant be permitted to use the claimed defect with reference to the proper party to avoid his own obligation under the contract. See *Third World, Ltd. No. II v. Brewmasters of Augusta,* 155 Ga. App. 352, 353 (1) (270 SE2d 891). Brinegar's testimony is such that he contends he acted in behalf of the corporation and considered it the corporation's obligation to perform. In addition, there was other evidence with reference to the checking account as to whether it was that of a corporation or of an individual. Further, parol evidence is admissible to show the capacity in which a person signs an instrument if it does not contradict the writing but simply explains the transaction. See *Maxwell v. Tucker,* 118 Ga. App. 695, 697 (2) (165 SE2d 459). The contract was not under seal, and parol evidence is admissible to show the identity and existence of the principal for whom the agent is acting, if, indeed, Ray Brinegar, Jr., was acting on behalf of the corporation instead of in his individual capacity. See *U. S. Fidelity &c. Co. v. Coastal Service,* 103 Ga. App. 133 (4), 136-137 (118 SE2d 710); *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 687 (3) (188 SE2d 901); *Haas v. Koskey,* 138 Ga. App. 448, 452-453 (226 SE2d 279).

But in all events, the evidence was ample to support a verdict in favor of the plaintiff for the reasonable value of materials and services on a quantum meruit basis, this theory having been submitted to the

jury. The jury could very well have rendered its verdict on this basis, if in fact, it believed the contract involved was between the individual Ray Brinegar, Jr., and the defendant, yet in fact, the services and materials were furnished and performed by the corporation, the plaintiff herein. See in this connection *Milton Inn v. Spiva,* 138 Ga. App. 843, 845 (227 SE2d 525). We note here that the suit involved not only the written contract but the additional work performed according to oral agreements, as well as sums paid, there being evidence the work was authorized and the benefits received and accepted. See *Conway v. Housing Auth. of Atlanta,* 102 Ga. App. 333 (116 SE2d 331). We find no abuse of discretion on the part of the trial court in denying the motion for new trial on the grounds urged. All of the above enumerations of error having been argued together, we find no merit in any of them.

2. We note under Code Ann. § 20-1404 (now OCGA § 13-6-11, effective November 1, 1982) expenses of litigation are generally not allowed as a part of damages, but if the defendant has acted in bad faith, has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expenses the jury may allow them. The jury in the case sub judice allowed and awarded $2,800 in attorney fees. For the plaintiff to recover it need only show any one of the three conditions to exist. See *Altamaha Convalescent Center v. Godwin,* 137 Ga. App. 394, 395 (2) (224 SE2d 76). The jury had for consideration evidence sufficient to show any one or all three of the above conditions existed in this case. The defendant advised the lending institution that the final construction of the house was completed to his satisfaction, he watched the construction on a regular basis and never asked that the job be discontinued, yet remembering during the trial numerous construction defects which he sought to set off against the claims of the plaintiff. In addition, there was evidence that after completion of the dwelling defendant represented the house to be worth $100,000 for which he obtained an additional loan and purchased insurance representing the home to be worth $90,000, excluding the value of the lot. Even though the jury did not return the full amount sought by the plaintiff either under Count 1 or Count 2 and not for the full amount of attorney fees claimed (Count 3), nevertheless, this was not evidence that the defendant had a reasonable defense. See *Ga.-Car. Brick &c. Co. v. Brown,* 153 Ga. App. 747, 753 (266 SE2d 531). There being some evidence authorizing the award of attorney fees, this court cannot say as a matter of law that there was a reasonable defense to the main claim. See *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676 (266 SE2d 796); *Fuller v. Moister,* 248 Ga. 287 (282 SE2d 889). Defendant's remaining enumerations of error with reference to the issue of bad

faith as determined by the jury, the allowance of attorney fees, and as to the verdict and judgment are not meritorious. It was for jury determination as to whether or not there was a bona fide controversy so as to deny attorney fees as was the case in *D. H. Overmyer Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599 (2), 602-603 (168 SE2d 176); and *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317). The cases of *Traders Ins. Co. v. Mann,* 118 Ga. 381 (45 SE 426); *McKenzie v. Mitchell,* 123 Ga. 72 (51 SE 34); and *General Refractories Co. v. Rogers,* 240 Ga. 228, 235 (2) (239 SE2d 795), are inapposite.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 15, 1983.

*G. Michael Agnew,* for appellant.
*Joseph L. Waldrep,* for appellee.