66206. JEFF GOOLSBY HOMES CORPORATION et al. v. SMITH et al.

McMurray, Presiding Judge.

William A. Smith and Joan A. Smith brought this breach of contract action against Jeff Goolsby and his affiliates (Jeff Goolsby Homes Corporation and Jeff Goolsby Realty Company) on May 14, 1981. The case proceeded to trial on November 8, 1982, with

defendant Jeff Goolsby representing himself and his affiliates, defendants Jeff Goolsby Homes Corporation and Jeff Goolsby Realty Company, pro se. The jury returned a verdict for plaintiffs and awarded them $3,500 ($1,500 in damages and $2,000 in attorney fees). Defendants now appeal (again pro se), asserting more than fifty enumerations of error.

"The evidence is in some dispute, and we must consider it in a light most favorable to the verdict." *Decatur Investments Co. v. McWilliams,* 162 Ga. App. 181 (290 SE2d 526). From that perspective, the evidence showed that plaintiffs contracted with defendant Jeff Goolsby and his affiliates on August 13, 1979, for the construction of a home. The contract was executed by "William A. Smith" and "Joan A. Smith" as "Buyer" and Jeff Goolsby Homes Corporation as "Seller" and signed "R. J. Goolsby, Pres." Defendant Goolsby agreed to prepare building plans, process a loan application, secure a loan commitment and then build the home. He showed plaintiffs several houses and a number of standard building plans, from which plaintiffs decided upon a basic design. Defendant then prepared a set of plans in accordance with plaintiffs' specifications. After examining the plans, plaintiffs desired to make some changes, which defendant then reflected on a second set of plans. Plaintiffs approved the second set in January 1980. When a loan had not been secured, or the loan process even initiated, by March 7, 1980, plaintiffs demanded the return of their $2,000 earnest money. Defendant Goolsby told plaintiffs that he was going to submit the plans to the Veterans Administration that day, but plaintiffs were not interested in waiting any longer and insisted upon the return of their money. Defendant refused, asserting that the delay was not due to his fault. The parties were unable to settle the dispute, so plaintiffs filed the instant action. *Held:*

1. In defendants' first several enumerations of error they raise the general grounds. "If there is any evidence to support the verdict, this court, on appeal, will not disturb it." *Hinson v. O'Quinn,* 159 Ga. App. 589 (284 SE2d 97). Our standard of review when presented with a challenge to the verdict on the general grounds was enunciated well in the case of *Williams v. Stankowitz,* 149 Ga. App. 865, 866 (256 SE2d 147): "We will not weigh the evidence, and in fact are precluded from doing so. [Cits.] In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. [Cit.] We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved

by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cits.]" See also *Barry v. J. C. Penney Co.,* 159 Ga. App. 587, 588-589 (284 SE2d 91).

The verdict evinces that the jury found that defendants breached the contract. The breach alleged was that defendants failed to perform their obligation to initiate the loan process for plaintiffs. The contract did not specify a time for performance of the initiation of the loan process, so the law implies that the parties contemplated that the loan process would be initiated by defendants within a reasonable time. OCGA § 13-4-20 (formerly Code § 20-1101). See also OCGA § 11-2-309 (1) (formerly Code Ann. § 109A-2—309 (1) (Ga. L. 1962, pp. 156, 186)). Under the evidence of this case, as summarized supra, the jury was authorized to find that defendants breached the contract by failing to perform the material obligation of initiating the loan process within a reasonable time. The verdict for plaintiffs therefore will not be disturbed. *Williams v. Stankowitz,* 149 Ga. App. 865, 866, supra.

In regard to the issue of damages, the operative contract provision states: "In the event the sale is not consummated for reasons other than the default of the Buyer, the Earnest Money, less such amounts as may have been expended for the Buyer's benefit and account, shall be refunded to the Buyer." The evidence is undisputed that plaintiffs gave defendant Goolsby $2,000 in earnest money and that from that amount defendant Goolsby earned $500 in drafting fees for the first set of house plans. Defense testimony established that $500 of the earnest money was expended (albeit internally) for the second set of house plans. Plaintiffs conceded that those plans were prepared with their knowledge and approval. The cost of the plans was not contested and the expenditure itself was not challenged. Therefore, it stands undisputed that this $500 was an amount "expended for the Buyer's benefit and account."

Defense testimony further established that $500 of the earnest money was expended to secure a lot for the planned home. While the contract for the lot expired and the money was apparently forfeited, there is absolutely no evidence showing that the expiration of the contract was due to defendants' fault. As such, it stands undisputed that this $500 was expended for plaintiffs' benefit and account as well.

Defendant Goolsby admitted that the balance of the earnest money, $500, was not expended for plaintiffs' benefit and account. Under the evidence adduced at trial then, this $500 was the only amount the jury was authorized to award plaintiffs as damages. In other words, this part of the damages award is the only part supported by any evidence. Therefore, $1,000 of the $1,500 in

damages must be stricken from the judgment and award.

2. In addition to damages, the jury awarded plaintiffs $2,000 in attorney fees. In contract cases (and generally in tort cases as well), an award of attorney fees is allowable only when they are specially pleaded and the evidence shows not only the reasonable amount of attorney fees incurred, but also that a defendant was guilty of bad faith, stubborn litigiousness or of causing the plaintiff unnecessary trouble and expense. OCGA § 13-6-11 (formerly Code § 20-1404); *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, 686 (285 SE2d 58); *Bayliner Marine Corp. v. Prance,* 159 Ga. App. 456, 461 (3b) (283 SE2d 676). See also *Nestle Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328, 333 (4) (265 SE2d 61). See generally *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 750-754 (266 SE2d 531); *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317).

"Bad faith is bad faith arising out of the transaction upon which the complaint is based and refers to a time prior to the institution of action." *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, supra. It generally refers to bad faith in entering into the contract or bad faith during the course of dealings with the plaintiff. See *C. & S. Nat. Bank v. Bougas,* 149 Ga. App. 722, 728 (1e) (256 SE2d 37), reversed in part on other grounds, 245 Ga. 412 (265 SE2d 562); *Murray v. Americare-Medical Designs,* 123 Ga. App. 557, 559-560 (3) (181 SE2d 871). "A refusal to pay in bad faith 'means a frivolous and unfounded denial of liability. If there is any reasonable ground . . . to contest the claim, there is no bad faith' and it would be error for the court to permit the jury to return a verdict for penalties and attorney fees. [Cits.] A judgment would not be authorized if the payor 'had reasonable and probable cause for making a defense to the claim.' [Cits.]" *First Nat. Bank of Atlanta v. Wynne,* 149 Ga. App. 811, 818 (3) (256 SE2d 383).

Similarly, "stubborn litigiousness," and "causing the plaintiff unnecessary trouble and expense" refer to a defendant's forcing of the plaintiff to sue where no "bona fide controversy" exists. *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, supra at page 686. The Supreme Court has described this on a number of occasions as a "wanton or excessive indulgence in litigation." See e.g., *Thomas v. Dumas,* 207 Ga. 161, 163 (4) (60 SE2d 356); *West v. Haas,* 191 Ga. 569, 575 (13 SE2d 376) and cits.

The question of whether attorney fees are warranted, that is, whether one of the three statutory grounds have been established, is ordinarily for the jury to decide (assuming, of course, it has been properly pleaded and sufficient evidence has been introduced to withstand a directed verdict). OCGA § 13-6-11 (Code § 20-1404), supra; *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, supra at

page 686. At the appellate level, " '[t]he proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense.' " *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676, 677 (266 SE2d 796), quoting from *Colonial Life & Acc. Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745). See also *Fuller v. Moister,* 248 Ga. 287, 288 (282 SE2d 889).

The evidence in this case supports no finding of bad faith on the part of defendants entering into the contract or in their dealing with plaintiffs. At most, the evidence showed that defendants were guilty of unreasonable delay in fulfilling their part of the bargain. Defendant Goolsby had the first set of plans prepared in accordance with plaintiffs' specifications and the second set was required only because plaintiffs desired significant changes to reduce the cost of the house. The evidence was conflicting in that plaintiffs asserted the plans were approved in January 1980 and defendant Goolsby contended they were not completed until February 1980. Plaintiffs asserted defendant Goolsby was dilatory in performing his obligations under the contract and defendant contended that plaintiffs' indecision caused the delay. We find that this evidence not only fails to support a finding of bad faith in the transaction, but that it also fails to support a finding of bad faith in the litigation, that is, stubborn litigiousness and causing plaintiffs unnecessary trouble and expense. We hold that a bona fide dispute existed and that defendants had, as a matter of law, a reasonable defense to plaintiffs' claims. *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676, supra at page 677. See also Division 1, supra (although a disparity between damages claimed and damages authorized by the evidence is not a material consideration in the issue of whether an award of attorney fees is justified. See *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 752, supra). The fact that defendant Goolsby may have appeared to be stubbornly litigious due to his personal involvement and lack of lawyerly skills does not defeat the fact that defendant was able to demonstrate that the defendants' position had some merit, though not enough to win a verdict. Because a bona fide dispute existed and defendants had a reasonable defense at trial, they should not have been burdened with plaintiffs' attorney fees. *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676, supra; *Brannon Enterprises v. Deaton,* 159 Ga. App. 685, supra. The $2,000 in attorney fees therefore must be stricken from the judgment and award.

3. We have carefully reviewed each of the numerous remaining contentions of legal error and we have found that none of them have any merit whatsoever.

4. The judgment of the trial court is affirmed on condition that

the plaintiffs consent to write off the sum of $1,000 from the $1,500 in damages awarded to them, and consent to write off the sum of $2,000 for attorney fees, otherwise the judgment stands reversed.

*Judgment affirmed on condition; otherwise, the judgment stands reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983 — 

Jeff Goolsby, *pro se.*
C. *Nathan Davis,* for appellees.