## 74990. GORIN v. FPA 2, P.C.
## 74991. ELLIS v. GORIN et al.
(361 SE2d 193)

DEEN, Presiding Judge.

Robert Gorin, in his capacity as executor of the estate of Arlene Gorin, filed a lawsuit against John W. Ellis, the sole shareholder of Dunwoody Family Practice Associates, P.C., and FPA 2, P.C., for fraudulent conveyance of assets owned or controlled by Dunwoody and FPA. On February 10, 1982, Arlene Gorin filed a civil action against Dunwoody to recover amounts owed under contract for decorator service provided to the defendant from the plaintiff. In November of 1983, Ellis, on behalf of Dunwoody, entered into a letter agreement with FPA 2 for the sale of all assets owned and controlled by

Dunwoody. One of the provisions of this agreement provided for the assumption by FPA of certain debts and a payment of $35,000 in cash. There was evidence that Dr. Ellis either was or should have been aware of Mrs. Gorin's lawsuit, but he took no action. A default judgment in the sum of $11,477.07 was entered against Dunwoody on February 13, 1984. The judgment proved to be uncollectible and Arlene Gorin died on March 24, 1984.

Approximately one year later, Robert Gorin, as executor of his wife's estate, instituted an action against Ellis, individually, and against FPA, alleging that Ellis, by transferring all of Dunwoody's assets to FPA, had fraudulently defeated the claims of the Dunwoody's creditors generally and the claim of Arlene Gorin in particular and that FPA accepted the transfer of Dunwoody's assets with the actual or constructive knowledge of her claim and Ellis' intention to defeat it. The jury returned a verdict in favor of appellant in the amount of $15,000 plus $11,500 in attorney fees, and a judgment in that amount was entered by the trial court. FPA and Ellis filed a motion for j.n.o.v., and in the alternative, for a new trial. The trial court granted FPA's motion and denied Ellis' motion. Appellant contends that the court below erred in granting FPA's motion in that the evidence presented at trial supported the jury verdict. Dr. Ellis appeals from the denial of his motion and alleges that certain errors occurred during the trial. *Held*:

## Case No. 74990

"The jury is the final arbiter of the facts and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict." *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916, 921) (1979). Having reviewed all the conflicting and disputed evidence, this court cannot say there is no competent evidence to support the jury verdict of $15,000 plus attorney fees of $11,500. The jury could have reasonably concluded that Dunwoody was insolvent at the time of its conveyance and that Ellis may have attempted to defeat the claim by channeling all assets from the judgment debtor to FPA and himself and his wife. The evidence supported the finding that Dr. Prater and FPA 2, P.C., had knowledge of the Gorin claim and suit and of Ellis' intention to defeat it. *Bryant v. Colvin*, 160 Ga. App. 442 (287 SE2d 238) (1981). The trial court erred in granting FPA 2's motion for judgment notwithstanding the verdict. We cannot say that the alternative grant of a new trial was error; therefore, this part of the judgment is affirmed.

## Case No. 74991

Since the evidence was in conflict, the trial court did not err in

overruling the Ellis motion for j.n.o.v. and, in the alternative, for a new trial.

The trial court's admonishing counsel not to get into the merits of the already-litigated claim was monitoring the evidence relevant to the issues in the instant action and does not amount to reversible error. *Norton v. Norton*, 213 Ga. 384 (99 SE2d 139) (1957).

Questions of bad faith, stubborn litigiousness, and expense, OCGA § 13-6-11, are generally questions for the jury. This court cannot say there is no evidence to support the jury's award. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980). Neither can we say, as a matter of law, that there was a reasonable defense. *Fuller v. Moister*, 248 Ga. 287 (282 SE2d 889, 890) (1981).

As to Case No. 74990, the trial court erred in granting j.n.o.v. but did not err in granting a new trial in the alternative. In Case No. 74991, the trial court did not err in overruling Ellis's motion for j.n.o.v. and, in the alternative, for a new trial.

*Judgment in Case No. 74990 affirmed in part and reversed in part. Judgment in Case No. 74991 affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 16, 1987 —

*Michael Weinstock, Richard L. Levine*, for appellant (case no. 74990).

*Paul R. Jordan, Brett L. Block*, for appellee.

*William R. Hurst*, for appellant (case no. 74991).

*Michael Weinstock, Richard L. Levine*, for appellees.