A90A0768. BACKUS CADILLAC-PONTIAC, INC. v. ERNEST.
(394 SE2d 367)

BIRDSONG, Judge.

This is an appeal of the verdict and judgment in favor of appellee/plaintiff and of the order denying appellant's motion for new trial and motion for judgment notwithstanding the verdict.

We have examined the record and hearing transcript filed by appellant; and have taken judicial notice of the record and transcript of Case No. A90A1053 on file in this court. *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 213 (2) (367 SE2d 43), citing *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107).

Appellant is an automobile dealer. Appellee, Virginia Ernest, brought her car to appellant for servicing, including an oil change. The next day appellee's husband picked up the vehicle, drove it a few blocks, and the engine stalled. When the car was re-started, the lifters were "making . . . a loud racket"; and the engine made distinct rattling and grinding sounds as if the rod, pistons or crankshaft were loose or broken. The sound was that of an engine being run without oil. The engine was immediately shut off. Check of the oil dip stick showed no recorded oil level thereon. The vehicle subsequently was towed to appellant's business. Appellant's agents checked the oil, found it to be two, two and one-half, or three quarts low, filled the car with oil, and test drove it; appellant found the engine to perform satisfactorily and heard no abnormal noise. Neither the Ernests nor their mechanic was present at these tests. Thereafter, a letter was hand-delivered to appellant's service manager. The letter instructed appellant not to repair the car until Mr. Ernest, his mechanic, and Mr. Johnson of appellant's company could "agree on what parts will be replaced." Appellant's service manager would not sign the letter.

Appellee's husband later offered to Mr. Backus to take the car "[i]f you will sign a letter stating that if anything happens to that car in fifty thousand miles, that can be associated with this incident, that you will fix it." George Backus would not sign such a letter, and responded by saying "my word and Backus Pontiac's word is your bond." Appellee's husband declined to accept such oral assurance, and he also refused to test drive the vehicle, as he wanted to see in-

side the engine. The mechanic who had checked the vehicle's dip stick and had towed it was re-contacted by appellee's husband. The mechanic opined that there was "no way that that engine could be satisfactory, because it had sounded so bad with the rods and the lifters and the crank bearings." Appellee's husband had the vehicle picked up from appellant's business by the mechanic who disassembled and inspected the engine, and opined it was ruined. The rod bearings had "spun," seized to the crankshaft, and scored; the crankshaft was damaged. Although not further disassembled, the engine would have been "damaged equally well all the way through it." Another mechanic also viewed the disassembled engine and declared it was destroyed; he also opined that if a mechanic or anyone knowledgeable had checked the engine at appellant's business, it would not have left that establishment in the condition it was in when viewed by him. Two days after the vehicle had been removed from appellant's business and after the engine had been disassembled, appellant wrote appellee a letter offering to conduct further tests, although asserting that such tests were unnecessary, and assuring appellee it would stand by its work. In this letter appellant also stated: "Backus continues to feel it is totally unnecessary and unwise to go in and replace any perfectly good engine." Evidence also was presented by appellee that a charge of $4,644.12 would constitute reasonable attorney fees.

Appellant enumerates four errors. The first three enumerations contend that for various reasons the trial court erred in entering judgment of the jury's verdict in favor of appellee and refusing to grant defendant's motion for a judgment notwithstanding the verdict as to the attorney fees awarded. The fourth enumeration of error asserts that the trial court erred in charging the jury on bad faith, stubborn litigiousness, or cause to appellee/plaintiff of unnecessary trouble and expense, as to the issue of expenses of litigation. *Held*:

1. Factual assertions in briefs unsupported by evidence in the record cannot be considered in the appellate process; as a general rule, allegations contained in pleadings do not constitute evidence nor are they to be accepted as true except to the extent they are admitted by the opposite party to be true. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

2. An appellate court is required to construe the evidence most strongly to support the verdict and judgment (*McLarty v. Kushner*, 173 Ga. App. 432 (1) (326 SE2d 777)), and every presumption and inference must be in favor of the verdict. *Worn v. Sea-Cold Svcs.*, 135 Ga. App. 256 (3) (217 SE2d 425).

" ' "[M]ere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees" ' " based on the grounds of either stubbornly litigious or causing plaintiff unnecessary trouble and expense. *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 580 (2) (373

SE2d 758); accord *Manderson & Assoc. v. Gore,* 193 Ga. App. 723, 735 (9) (389 SE2d 251). " 'Where no defense exists (to the suit or the contract), . . . forcing a plaintiff to resort to the courts in order to collect is plainly causing him "unnecessary trouble and expense." ' " *Ostrom v. Kapetanakos,* 185 Ga. App. 728, 730 (2) (365 SE2d 849). The primary key to the test is whether there exists a bona fide controversy, and where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense within the meaning of OCGA § 13-6-11. *Typo-Repro,* supra. Where there exists a bona fide controversy, recovery of attorney fees is not authorized for stubborn litigiousness and unnecessary trouble and expense. *Manderson,* supra; *Typo-Repro,* supra; *Jeff Goolsby Homes Corp. v. Smith,* 168 Ga. App. 218, 221 (2) (308 SE2d 564).

However, questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide. *Manderson,* supra; *Gorin v. FPA 2,* 184 Ga. App. 239, 241 (361 SE2d 193); *Jeff Goolsby,* supra. Likewise, it is generally a question of fact for the jury to determine whether a bona fide controversy existed in a case. *Manderson,* supra; *Jackson v. Brinegar, Inc.,* 165 Ga. App. 432, 437 (301 SE2d 493).

Even where a jury does not return the full amount sought by the plaintiff either under the counts of the complaint or for the full amount claimed for attorney fees, this is not per se evidence that the defendant had a reasonable defense and that a genuine controversy therefor existed as a matter of law. Compare *Jackson,* supra at 436 (2). Likewise " 'where a defendant has disclaimed all liability *prior to litigation,* the raising at trial of a dispute as to the amount of liability, without more, will not satisfy the bona fide controversy requirement.' " (Emphasis supplied; original emphasis deleted.) *Southern R. Co. v. Crowe,* 186 Ga. App. 244, 247 (2) (366 SE2d 846).

In the case sub judice, the main claims which appellee has asserted are ex contractu claims against appellant. Compare *Hub Motor Co. v. Burdakin,* 192 Ga. App. 872, 874 (2) (386 SE2d 854). Appellee contends, and we agree, that if there exists *some evidence* authorizing the award of attorney fees, this court cannot hold as a matter of law that there was a reasonable defense as to the main ex contractu claims of the appellee/plaintiff. *Jackson,* supra at 436.

Regardless of whether the claims asserted by appellant were ex contractu or ex delicto in nature, viewing the records and transcripts in Case Nos. A90A0768 and A90A1053 in a light most favorable to the verdict, as we are required to do, we find that there existed an issue of fact for the jury regarding whether appellee had been put to unnecessary trouble and expense within the meaning of OCGA § 13-6-11 (see *Manderson,* supra; *Gorin v. FPA 2,* supra; *Jeff Goolsby,* supra), and

as to whether or not a bona fide controversy existed (see *Manderson,* supra; *Jackson,* supra).

Nor do we find convincing, from the state of these records, that the trial court's ruling not to submit the issues of bad faith and stubborn litigiousness to the jury was per force a binding determination, as a matter of law, that a bona fide controversy existed for purposes of determining whether unnecessary trouble and expense had occurred (see Division 3, below). Neither do we find that the trial court's grant of summary judgment to appellant on appellee's Fair Business Practice Act claim, and its grant of directed verdict to appellant as to appellee's punitive damage claim established, that there existed a genuine controversy, as a matter of law, regarding appellee's separate ex contractu claims, particularly where before trial appellant denies liability as to those ex contractu claims. For regardless of the disposition of these collateral issues and claims, " '[t]here being some evidence authorizing the award of attorney fees, this court cannot say as a matter or law that there was a reasonable defense to the main claim.' " *Perfect Image v. M & M Elec. Constructors,* 191 Ga. App. 605, 607 (2) (382 SE2d 405); see *Ken-Mar Constr. Co. v. Bowen,* 245 Ga. 676, 677 (266 SE2d 796). Accordingly, we find that appellant's first, second, and third enumerations of error are without merit.

3. Appellant asserts that "[t]he trial court erred in charging the jury on bad faith, stubbornly litigious or caused plaintiff unnecessary trouble and expense (plaintiff's charge No. 7) on the issue of expenses of litigation for the trial court struck the grounds of bad faith and stubbornly litigious."

The record reflects that, at trial, appellant posed an objection to the giving of appellee/plaintiff's charge number 7 on the grounds that "[t]here was no evidence of any bad faith conduct, no evidence of stubborn litigiousness, and I contend that the charge of the [c]ourt was not tailored to the evidence and to the direction of the Court."

The trial court, in fact, instructed the jury that "[f]orcing a [p]laintiff to sue where no bona fide controversy exists causes unnecessary trouble and expense and authorizes the award of attorney's fees and costs of litigation, if you so find by a preponderance of the evidence. In that regard, I charge you that the expenses of litigation are not generally allowed as a part of [the] damages, but if the [d]efendant has caused the [p]laintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence such attorney's fees or other expenses, if any, as will be allowed by the jury upon a finding by a preponderance of the evidence."

It is readily apparent that the trial court did not, as asserted by appellant, instruct the court either that attorney fees or other expenses of litigation could be awarded on the grounds of stubborn litigiousness or bad faith. It is clear from the cases cited in Division 2

above, and from a reading of the plain language of OCGA § 13-6-11, that "unnecessary trouble and expense" is a basis, separate and distinct from either bad faith or stubborn litigiousness, for the award of expenses of litigation. We are also satisfied, as evidenced in part by the court's election not to include a reference either to bad faith or to stubborn litigiousness in its instruction, that the charge was adequately tailored, as required by law.

This is not a case where an inapplicable instruction might draw the jury's attention away from the true issue to be resolved in awarding attorney fees. The instruction in its entirety, especially that portion concerning the award of attorney fees, was a correct statement of the law and, as above stated, was adequately tailored to the issue to be resolved in determining whether to award such expenses. "[V]iewing the charge as a whole, we find that it 'cannot reasonably be said to have misled the jury as to the appropriate principle of law applicable to the case'" sub judice. *Gaines v. Crompton &c. Corp.*, 190 Ga. App. 863, 865 (2) (380 SE2d 498).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 27, 1990 —
REHEARING DENIED MAY 11, 1990 —

*Owen H. Page*, for appellant.

*Chamlee, Dubus, Sipple & Walter, George H. Chamlee*, for appellee.